**Howard D. HENDRICKSON and Marilyn J. Hendrickson**

v.

**Clark S. SEARS.**

**Civ. A. No. 71-2355.**

United States District Court, D. Massachusetts.

May 3, 1973.

**1032**

Daniel J. Gleason, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

Lionel H. Perlo, Jacob J. Locke, Ficksman & Conley, Boston, Mass., for defendant.

### ORDER

FREEDMAN, District Judge.

This is a malpractice action brought by plaintiffs against Attorney Clark S. Sears. Plaintiffs allege in their complaint that they obtained defendant Sears to perform a title search on certain real estate, and, on April 25, 1961, defendant certified to the plaintiffs that the title was "valid, clear and marketable." As a result of defendant's certification, plaintiffs took title to the property, and on June 15, 1970 they were notified by prospective buyers of the property that it was encumbered. As a result, plaintiffs brought this action by diversity of citizenship in this Court seeking money damages on grounds that

they have been unable to obtain a buyer for the property and that the value of the property has been diminished.

Defendant then moved to dismiss on the basis that the statute of limitations had run as to plaintiffs' cause of action.

After due consideration of oral arguments heard on April 20, 1973 and briefs filed by the parties, the Court ORDERS that defendant's motion to dismiss be, and is allowed.

■ It is clear that an action for malpractice can be considered either in tort or in contract. If viewed as a contract action, Massachusetts General Laws, Ch. 260, § 2, is applicable, and the statute of limitations is six (6) years. However, if a tort action is considered, then under Mass. G.L. c. 260, § 2A, a two-year statute of limitations is in effect. Regardless of whether this action is classified in contract or in tort, this Court finds that the statute of limitations has run as to plaintiffs' claim.

■ Plaintiffs' cause of action arose at the time that the alleged malpractice occurred on April 25, 1961. This suit was filed on October 27, 1971, over ten years after the cause arose. Plaintiffs argue that, since they did not discover the malpractice until June 15, 1970, the statute does not begin to toll until that time, and asks the Court to adopt the so-called "discovery rule" in determining when the action occurred.

■ This Court must follow Massachusetts decisional law, however, and does not have the option to apply the "discovery rule" to the present case. Rather, the Court is bound to follow Pasquale v. Chandler, 350 Mass. 450, 215 N.E.2d 319 (1966), in which it was held that the period of limitations for actions of medical malpractice under Mass. G.L. c. 260, § 4, commenced when the act of malpractice occurred and not when the injured party discovered the malpractice.

In order to be consistent with Pasquale v. Chandler, *supra*, this Court must apply

the same interpretation of the statute of limitations to both medical and legal malpractice actions. The Court does note that Neel v. Magana, Olney, Levy, Cathcart and Gelfand, 6 Cal.3d 176, 98 Cal. Rptr. 837, 491 P.2d 421 (1971), and Mumford v. Staton, Whaley and Price, 254 Md. 697, 255 A.2d 359 (1969), cited by plaintiffs, are cases which held that the limitations theory used in those jurisdictions in medical malpractice cases should similarly be followed in legal malpractice cases. There certainly is no valid reason why the legal profession should be treated more harshly than the medical profession as to the date when their members may successfully bar adverse claims under the statute of limitations. Since the Massachusetts court rejected the "discovery rule" in the *Pasquale* decision, this Court must also reject the argument that the rule be followed in the case at bar. Any change in the present interpretation of Massachusetts statute of limitations as to malpractice cases must come from the Massachusetts legislature and state courts.

Therefore, the Court finds that the statute of limitations has run as to plaintiffs' claim, and defendant's motion to dismiss is hereby allowed.