McGuane, J.
This is an action containing Counts in Contract and Tort. The defendant answered and relies on the defense of the statute of limitations. The Court found for the plaintiff. There is no error and the decision of the trial court is upheld.
The trial court made the following findings of fact:
This is a civil action against a contractor-builder who sold the plaintiff a lot and also constructed a residence thereon. It was later determined that the house encroached on a neighbor’s adjoining parcel and this action was commenced for damages. The defense is the statute of limitations.
It is unclear as to the exact date of initial conveyance but a certificate of occupancy was issued to the plaintiff on June 9, 1975. This action was commenced on July 10,1981.
In May of 1978, the plaintiff sold the house and land to one Héririqués. On April 23, 1980, the plaintiff received a letter from an attorney that the structure on the real estate she sold to Henriques encroached on the land of Woods. This was the first inkling she had that there was a problem.
Under threat of litigation, the plaintiff acquired sufficient land from Woods to position the building properly while still being in compliance with local by-laws pertaining to set backs and to sideyards. She also incurred expenses for an attorney and a surveyor.
I find that the defendant’s misrepresentation was not discovered until April of 1980. I further find that it should not reasonably have been discovered before that time so that plaintiffs cause of action did not accrue until that date.
It is therefore found that plaintiffs complaint is not barred by the applicable statute of limitations.
Discussion
There is no dispute that the plaintiff discovered the misrepresentation on April, 1980 and the Court further finds that it should not have reasonably been discovered before that time.
The case law in Massachusetts states that the “cause of action accrues on the happening of an event likely to put the plaintiff on notice”. Hendrickson v. Sears, 365 Mass. 83, 89-90; NOLAN, CIVIL PROCEDURE § 319.
It also is apparent from the findings of the trial court that the defendants are not entitled to the protection of M.G.L. Chapter 260, §2B.
*48 This statute of repose deals with work in connection with improvements to real property. Klein v. Catalano, 386 Mass. 701.
The Trial Court in this matter found a “misrepresentation” not a deficiency or neglect in the planning or construction of improvements to real property.
The plaintiffs case was filed within 16 months of learning of the defendant’s misrepresentation and that event triggered the tolling of the statute.
There being no prejudicial error the report is dismissed.