LoConto, J.
The plaintiffs brought this appeal aggrieved by the ruling of the trial judge that their action is barred by G.L.c. 260, §2B. We find no prejudicial error was committed and order that the report be dismissed:
The facts found by the trial judge disclose that the plaintiffs entered into an oral contract with the defendant to perform extensive renovations to their personal residence. Specifically, they agreed that the plaintiffs would pay the defendant for his labor and for the labor of his employees as well as the cost of all the materials and subcontractors. Eventually, the plaintiffs paid $104,000.00.
Part of the work, the subject matter of this lawsuit, involved the construction and installation of kitchen cabinets from oak lumber. The construction of the cabinets was completed December, 1986. In February or March, 1987, the plaintiffs had noticed that the cabinets, both the doors and frames, had shrunk and twisted badly. The trial 'judge found that the lumber used had not been properly dried at the time of construction and that the cost to remove and replace the cabinets is $12,426.00. The plaintiffs commenced this case on July 9,1990. The trial court ruled that this action was based upon a breach of an implied warranty of good workmanship brought more than three years after the defects were discovered and therefore barred by the application of G.L.c. 260, §2B.
General Laws, c. 260, §2B, a statute of repose, provides in part:
Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property... shall be commenced only within three years next after the cause of action accrues.
Although stated to bar actions in tort, where the elements of the claim based upon a breach of an implied warranty of good workmanship are the same as the elements of an action in negligence, the statute does apply. However, if the contractor expressly warranted a certain result, the plaintiffs’ action for breach of an express warranty would be unaffected by this statute. Klein v. Catalano, 386 Mass. 701, 718 (1982). The plaintiffs cannot escape the consequences of the statute by labelling the claim as contractual. The court must look to the “gist of the action.” Hendrickson v. Sears, 365 Mass. 83, 85 (1974). The statute, however, does not apply to materialmen and suppliers of goods. Dighton v. Federal Pacific Electric Company, 399 Mass. 687, 695 (1987).
By enacting this statute, the legislature intended to protect providers of “individual expertise” in the business of designing, planning, constructing, and administering improvements to real estate. Dighton, at 696. “Because of the inescapable possibility *127 of error which inheres in these services, the law has traditionally required, not perfect results, but rather the exercise of that skill and judgment which can be reasonably expected from similarly situated professionals.” Klein, at 719, quoting Mounds View v. Walijarvi, 263, N.W. 2d 420, 424 (Minn. 1978).
The statute bars the plaintiffs’ claim based upon a breach of the implied warranty of good workmanship. To rule otherwise would “frustrate the purpose behind G.L.c. 260, §2B.” Klein, at 720.
Lastly, as to the plaintiffs’ claim that the defendant is equitably estopped from claiming the benefit of the statute, we rule that there is no evidence in the report to suggest that the plaintiffs delayed legal action in reliance upon repeated undertakings by the defendants that the defects would be corrected, Libman v.Zuckerman, 33 Mass. App. Ct. 341, 346 (1992).
For the above reasons, we rule that the plaintiffs’ report be dismissed.