Toomey, J.
INTRODUCTION
On August 30, 1993, Denis M. Crowley (Denis) brought suit against Polar Corporation (Polar), James C. Donnelly (Donnelly), Ralph E. Crowley, Sr. (Ralph, Sr.), Ralph E. Crowley, Jr. (Ralph, Jr.), Christopher Crowley (Chris), and Wachusett Mountain Associates, Inc. (Wachusett) for breach of fiduciary duly (Count I), negligence of attorney (Count II), watered stock (Count III) and a shareholder derivative claim (Count IV).[1] Wachusett now moves for summary judgment pursuant to Mass.R.Civ.P. 56 on Count III, asserting that plaintiffs complaint was filed after the expiration of the three-year statute of limitations. For the reasons set forth below, Wachusett’s motion for summary judgment is denied.
BACKGROUND
Polar is a Massachusetts closely-held corporation. Denis and his brothers, Ralph Sr., James and Edward, assumed control of Polar in 1965. Each brother had an equal, twenty-five percent share in Polar stock. Agreements were signed, in 1986 and in 1988, for the purpose of initiating the transfer of control of Polar to the next generation of Crowleys.
In 1989, Polar was experiencing financial difficulties. Wachusett, a Massachusetts corporation, agreed, in December 1989, to lend Polar five hundred thousand dollars ($500,000.00). A promissory note was executed by which Polar promised to pay Wachusett five hundred thousand dollars ($500,000.00), together ■with interest, in ninety days. Prior to the maturity of the note, however, a subordination agreement was created by which Wachusett agreed to subordinate its claim against Polar to the claim held by Polar’s lender, First National Bank of Boston.
On July 13, 1990, Polar’s Board of Directors, consisting of Denis, Ralph, Sr., Ralph Jr., Chris, Donnelly, Paul Salois, Brian LaFeste and Richard Houlihan, held a meeting. A motion was presented to the end that Polar’s monetary obligation to Wachusett would be converted into three hundred and fifty-two (352) voting shares of Polar stock at a value of one thousand five hundred and four dollars ($1,504.00) per share.[2] The motion passed. Denis voted against the motion.
On July 16, 1990, Polar’s Board of Directors held a second meeting during which the conversion of the Wachusett loan was discussed. Denis again objected to the proposal, arguing that one thousand five hundred and four dollars ($1,504.00) was not an accurate value of Polar stock. Denis claimed Polar was issuing voting stock from its treasury in return for inadequate consideration. Notwithstanding Denis’s opposition, the Board of Directors ratified the July 13, 1990 vote to satisfy the Wachusett loan by issuing voting shares of Polar stock to Wachusett.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Period of Limitations
Denis argues, in part, that the six-year statute of limitations for contracts applies to Count III, his “watered” stock claim. In consideration for retiring the promissory note, Polar was obligated to issue Polar stock to Wachusett. Although a copy of the Polar stock certificate for the three hundred fifty-four (354)[3] shares issued to Wachusett exists, no one knows the whereabouts of the promissory note or any document evidencing that it has been satisfied. As a result, Denis alleges, Polar issued stock for no consideration or inadequate consideration. Denis argues that Count III is, therefore, based in contract to the extent that Polar issued stock without obtaining its bargained-for consideration.
Although the transaction between Polar and Wachusett may be contractual, Count III claims the “watering” of Denis’s stock. Denis asserts, in Count III, that the defendants’ breaches of fiduciary duties caused the watered stock. Massachusetts precedent considers a breach of fiduciary duly as a tort for statute of limitations purposes. See e.g., Kirley v. Kirley, 25 Mass.App.Ct. 651 (1988) (a corporate “freeze-out” of a minority shareholder was held to be governed by the three-year statute of limitations applicable to actions of tort); O'Hara v. Robbins, 13 Mass.App.Ct. 279 (1982) (tort statute of limitations *624 was applied to a claim based on wrongful appropriation of corporate opportunity); Woodcock v. American Inv. Co., 376 Mass. 169 (1978) (shareholder derivative suit for the conversion of corporate funds was held to be governed by the three-year tort statute of limitations). The instant Count III falls within those well-established precedents characterizing similar breaches of fiduciary duly as torts. Accordingly, Denis’s “watered” stock claim is controlled by the three-year tort statute of limitations of G.L.c. 260, §2A,[4] and the question becomes whether the August 30, 1993 institution of proceedings occurred more than three years after the statutory period commenced running.
The Inception of the Period
“The determination of when a cause of action ‘accrues’ has generally been left to the courts by the Legislature.” White v. Peabody Construction Co., Inc., 386 Mass. 121, 128 (1982) (citation omitted). The basic principle courts have followed in making that determination is that “a cause of action accrues on the happening of an event likely to put the plaintiff on notice.” Id. at 129 citing Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974) (citations omitted). “A cause of action will accrue when the plaintiff actually knows of the cause of action or when the plaintiff should have known of the cause of action.” Riley v. Presnell, 409 Mass. 239, 244 (1991). An objective standard is used to determine when the plaintiff knew or should have known of the cause of action. Id. at 245. ‘The reasonable person who serves as the standard in this evaluation, ... is not a detached, outside observer assessing the situation without being affected by it. Rather, it is a reasonable person who has been subjected to the conduct which forms the basis for the plaintiffs complaint.” Id. at 245.
A genuine dispute exists between Denis and Wachusett regarding the issue of when Denis knew or should have known he had a claim for “watered” stock. Wachusett claims Denis was on notice of his “watered” stock claim no later than the July 1990 Board of Directors meetings. Denis was present at both the July 13, 1990 and July 16, 1990 meetings when the Board of Directors voted to issue stock to Wachusett in lieu of its debt obligation on the promissory note. Wachusett argues that Denis was aware of his “watered” stock cause of action at the time of those meetings because: (1) claiming that Polar was issuing voting stock for inadequate consideration, Denis voted against the issuance of stock at both meetings; (2) on July 14, 1990, after the first meeting, Denis consulted his attorney and threatened to sue; and (3) the mechanical formalities attendant to the issuance of stock were not the sine qua non for the plaintiff to realize he had a claim.[5]
Denis acknowledges his July 1990 presence, vote, and opposition with respect to Polar’s authorization of the conversion of the five hundred thousand dollar ($500,000.00) Wachusett negotiable instrument into Polar stock. Denis rejects, however, the proposition that he realized he had a claim for “watered” stock at that time. He claims that, as president of Polar, it was his duty to sign share certificates and that appropriate entries were always made on Polar’s stock transfer records before stock was actually issued. Citing those prior practices, Denis maintains that he believed the issuance could not occur without his signature unless the Board called a subsequent meeting to authorize someone other than the president to sign the share certificate. Denis alleges that he thought his refusal to sign the certificate vitiated the July 1990 preliminary approval of the Board to issue the stock to Wachusett and, accordingly, that that approval was an ineffective event for the purpose of putting him on notice as to a cause of action.
Denis contends he was not on notice of the “watered” stock claim until March 1991. At that time, he signed Polar’s 1991 Certificate of Conditions and filed it with the secretary of state. The certificate showed a total of six thousand seven hundred twenty-five (6,725) shares issued, reflecting an increase of three hundred fifly-four (354) shares. Denis claims he had no evidence the note had been satisfied or stock issued until he signed the certificate in March 1991, a time well within the G.L.c. 260, §2A statute of limitations.
The submissions at bar demonstrate the existence of a genuine issue of material fact as to when Denis knew or should have known of the “watered stock” cause of action upon which Count III is founded. Whether his July 1990 actions or his March 1991 conduct constituted his first knowledge calls for a factual conclusion upon which the success or failure of the statute of limitations defense will depend. At bottom, summary judgment should not be granted because there is a genuine issue as to when Denis knew or should have known his cause of action existed.
There are opposing views on who should decide the disputed issue of fact. “Some jurisdictions hold that when the plaintiff knew or should have known that his cause of action existed is a preliminary question to be decided by a trial judge.” Riley, 409 Mass. at 247 (citations omitted). “The majority of jurisdictions [hold], however, that factual disputes . . . [on this issue] are to be resolved by the jury.” Id. (citations omitted). “Moreover, . . . [Massachusetts cases] show no reluctance to allow a jury to decide factual issues relative to the statute of limitations.” Id. at 248 (citations omitted).
“The judge is responsible for properly instructing the jury as to the applicable law. If the jury’s verdict is against the weight of the evidence, the judge may order a new trial.” Id. citing Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520-21 (1989). “These traditional instruments of jury control should suffice to restrain jury irresponsibility in this area.” Id. Accordingly, the disputed factual issues at bar material *625 to the statute of limitations defense should be decided by a jury.
ORDER
For the foregoing reasons, it is ORDERED that Wachusett Mountain Associates, Inc.’s motion for summary judgment is DENIED.

 References herein to the given names of the parties are intended to facilitate identification and import no disrespect.

 Certain of Polar’s directors (viz, Ralph Jr., Chris and Donnelly) who voted to repay the loan to Wachusett in Polar stock were also officers and directors of Wachusett.

 The Board of Directors authorized the issuance of approximately three hundred fifty-two (352) shares of stock to Wachusett. The stock transfer ledger reveals that three hundred fifty-four (354) shares were transferred. The difference is, for instant purposes, immaterial.

 “Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.” M.G.L.c. 260, §2A.

 These arguments do not demonstrate the absence of a triable issue, entitling Wachusett to judgment as a matter of law. A factfinder may infer that Denis knew or should have known he had a “watered” stock claim at some point between July 13, 1990 and July 16, 1990 because of his actions and the facts surrounding this issue, but such an inference is not compelled or necessary. A genuine issue of material fact exists on the question of whether a reasonable person placed in Denis’s position would have known or should have known of his claim in mid-July 1990.