Brassard, J.
This action comes before the court on defendant’s, Don J. Virostek (Virostek), Motion for Summary Judgment. Defendant alleges that plaintiffs, Jacqueline Lombardi (Lombardi) and Cheryl Nelson (Nelson), lack standing to bring their claims and that, alternatively, if standing is found, have failed to state their claims within the requisite statute of limitations. For the following reasons defendant’s Motion for Summary Judgment is DENIED.
BACKGROUND
The defendant states in his motion that he accepts the facts alleged in the Amended Complaint as true solely for the purposes of deciding the Motion for Summary Judgment. Therefore, the facts as presented by the plaintiff are as follows:
All of plaintiffs’ claims arise from the sale of real property by Lucia Germaine and her sister Frieda P. Collins (hereinafter “sisters”) to defendant, Edward Renaud, on or about November 6, 1980. The sisters were represented in this matter by their family lawyer, defendant Don Virostek, and sold the property for $85,000. Virostek then represented Renaud when he in turn sold the property to Joseph Rosenfeld. Rosenfeld eventually developed the property as a gravel pit. Both sisters have since died, Germaine in 1991 and Collins in 1983. This action now comes before the court on the complaint of Cheryl Nelson, as executrix of the estate of Germaine, and Jacqueline Lombardi as beneficiary of Germaine’s will.[3]
Prior to November 1980, Collins and Germaine, ages 76 and 81, owned an eighty (80) acre parcel of land located partially in Burrillville, Rhode Island and partially in Douglas, Massachusetts. The portion of the property located in Rhode Island included a twenty (20) acre tract with a two family home in which the sisters lived.
In 1979 or 1980 Attorney Virostek approached the sisters to suggest that they sell the Massachusetts portion of the property to Edward Renaud, a real estate developer. The sisters acted on the advice of Virostek and eventually conveyed both the Rhode Island and Massachusetts portions to Renaud. They did not sell the section of the properly with the home, maintaining it as their residence.
A deed was drawn up by Virostek and dated November 6, 1980, in which the sisters conveyed the property to Edward Renaud.[4] Renaud was not the primary source of the down payment or of the subsequent payments. Payments were made by Joseph Rosenfeld, the owner of a concrete business and the eventual one-half co-owner of the property. Renaud made only a $500 payment.
Virostek, Rosenfeld, and Renaud likely knew of the land’s marketable sand and gravel and on July 28, 1980, Rosenfeld filed an application with the Town of Douglas Zoning Board of Appeals for a special permit to remove sand and gravel from the property. The sisters were not aware of the land’s marketable sand and gravel or that Rosenfeld had applied for a special permit nor did they know that he was the ultimate purchaser of the properly.
Virostek may have known of Rosenfeld’s application before November 6, 1980, because Virostek was the Douglas town counsel in 1980. Virostek did not inform the sisters of his representation of Renaud or of the involvement of Rosenfeld.
On November 3, 1980 the Board of Appeals issued the special permit. On November 6, 1980 the sisters sold the property to Renaud. On November 12, 1980, Renaud deeded a one-half interest in the property to Rosenfeld: the stated consideration was less than one hundred dollars.
In his depositions, Virostek stated that he began representation of Renaud in connection with the property on November 6, 1980, the same date as the sisters *687 sold the property. He also stated that he discussed the terms of the transaction with both Rosenfeld and Renaud before that date.
The sisters learned of Virostek’s dual representation approximately one (1) year after selling their property to Renaud. Deposition testimony suggested that the sisters may also have learned of the gravel located on the property during this same time period.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc. 404 Mass. at 17. The opposing party cannot rest on his or her pleading and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
1. Statute of Limitations
Plaintiffs’ complaint includes counts for legal malpractice, misrepresentation, civil conspiracy, accounting as well as an unfair and deceptive trade practices claim under G.L.c. 93A. General Laws c. 260, §[5] provides that all actions under c. 93A be brought within four (4) years after they accrue. General Laws c. 260, §§2A and 4 provide a three year limitation as to all of plaintiffs’ other claims. Plaintiffs brought these claims in 1995. Thus, if the cause of action accrued prior to 1991 all the counts are time barred.
In general, a cause of action in contract accrues at the time of the breach, Boston Tow Boat Co. v. Medford Natl. Bank, 232 Mass. 38, 41 (1919); Campanella and Cardi Constr. Co. v. Commonwealth, 351 Mass. 184, 185 (1966), and a cause of action in tort accrues at the time of the injuiy to the plaintiff. Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 740-43 (1978).
However, this case requires the court to determine whether and in what manner the so-called “discovery rule” affects the accrual of malpractice. Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974) (the discovery rule as applied to legal malpractice). An action for malpractice does not accrue, and therefore, the statute of limitations does not begin to run, until the plaintiff knew or reasonably should have known that he may have suffered injury because of the attorney’s conduct. Riley v. Presnell, 409 Mass. 239, 240 (1991). More importantly, the Riley court determined that the question of when a plaintiff knew or should have known of his cause of action is one of fact which in most instances will be decided by the trier of fact. Id. See also Maggio v. Gerard Greezer & Ice Co., 824 F.2d 123, 128 (1st Cir. 1987) (whether a plaintiff should have discovered the fraud “is an objective question” requiring the court to “determine if the plaintiff possessed such knowledge as would alert a reasonable [person] to the possibility of fraud” (emphasis added), quoting General Builders Supply Co. v. River Hill Coal Venture, 796 F.2d 8, 11 (1st Cir. 1978)).
In the case at bar it is disputed as to when, or even if, the plaintiffs should have reasonably discovered that they had suffered harm due to defendant’s alleged breach of fiduciary duty. Although depositions suggest that the sisters knew that Virostek represented multiple parties, it is unclear whether the sisters knew or should reasonably have known that his representation caused them harm. Further, despite the fact that the sisters may have had knowledge of the land being used as a gravel pit, the facts are not clear as to their level of investigation.®
2. Standing
In general, an executrix may prosecute “an action which would have survived if commenced by or against the original party in his lifetime . . .” G.L.c. 230, §1.[6] “In this Commonwealth, the view has been that actions of contract survive by the common law but actions of tort do not.” McStowe v. Bornstein, 377 Mass. 804, 806-07 (1979) (internal citations omitted).
A client’s claim against an attorney has aspects of both a tort action and a contract action. Most legal malpractice cases in Massachusetts have been brought as tort actions. Id. In Hendrickson v. Sears, the Supreme Judicial Court stated that “the plaintiff need not choose between the labels of ’’tort” and “contract” in bringing a legal malpractice suit and added that, “(t]he traditional view of an action for damages resulting from the negligence of an attorney is that the gist of the action, regardless of its form, is the attorney’s breach of contract.” Id. at 86.
This action is grounded in the claim that defendant Virostek breached his fiduciary duty to the sisters. Therefore, because the claims are based in malpractice, the court finds that plaintiff Nelson has standing to advance her claims.
*688 ORDER
For the above reasons, it is ORDERED that:
1) Defendants’ Motion for Summary Judgment as to statute of limitations is DENIED; and
2) Defendants’ Motion for Summary Judgment as to standing is DENIED as to Cheryl Nelson, as executrix of the estate of Lucia Germaine and ALLOWED as to Jacqueline Lombardi as beneficiary of the estate of Lucia Germaine.

Jacqueline Lombardi was the foster child and is the heir of Lucia Germaine. Cheryl Nelson is the daughter of one of Germaine’s foster children. Nelson refers to Germaine as her grandmother.

When drafting the deed Attorney Virostek erred by including the Rhode Island portion of the property. This error has since been remedied between the parties.

The court also considers G.L.c. 260, §12. This statute, as construed, provides that the exercise of reasonable diligence is not necessary, and the statute of limitation in tort or in contract may be tolled if the wrongdoer either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring knowledge of such facts. Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. 99, 106 (1980). In order for the statute to take effect the fraud of a defendant must be intentional. The period of limitations is not tolled under G.L.c. 260, §12, unless a defendant concealed the existence of a cause of action through some affirmative act done with intent to deceive. Stetson v. French, 321 Mass, at 198.
As their lawyer, Attorney Virostek would have owed a fiduciary duly to the two sisters. In addition, plaintiffs have presented deposition testimony which shows that defendant Virostek knew before closing the land deal with the sisters that he was also representing defendants Renaud and Rosenfeld in the buying of the same property for development into a gravel pit. These facts, if accepted by a jury, may indicate that defendant Virostek was in breach of a fiduciary duty of full disclosure and that under G.L. 260, §12, the statute of limitations would be tolled.

Essentially, the plaintiffs’ attorney admitted during argument that Jacqueline Lombardi does not have standing to maintain this action and that if the action survives with Cheryl Nelson as executrix, then Lombardi will benefit equally as the beneficiary. Therefore, the court addresses only Nelson’s standing in this action.