Brassard, J.
Plaintiff, Kevin G. Young (“Young”) brings this action alleging that the Middlesex County Commissioners (“Middlesex”) and Fannie Buzzell Dettling (“Dettling”) were negligent in failing to properly record a deed in which Young’s father conveyed a piece of property to Young. Defendants have filed motions for summary judgment, alleging that plaintiffs cause of action is barred by the applicable statutes of limitations. For the following reasons, defendants’ motions are allowed.
BACKGROUND
In 1990, Lindsay H. Young (“Lindsay”) hired Dettling to prepare a deed conveying his home to his son, Young. Lindsay signed the deed on or about February 27, 1990. Shortly thereafter, Dettling mailed the deed and a check for twenty-five dollars to the Middlesex County Registry of Deeds (“the registry”). The check was cashed, but there is no record in the indices that the deed was ever recorded.
In January 1993, Lindsay died. In March 1993, Young met with Dettling to review his father’s papers. Dettling instructed Young to go to the registry to obtain a signed copy of the deed to the house. Young visited the registry on two occasions, and was told that the registry was unable to locate the deed. During Young’s second trip to the registry, a supervisor at the registry told Young that the deed had never been recorded, and that the attorney must have made a mistake. This second visit to the registry occurred in March 1993. In June 1994, Young retained counsel in this matter. Young brought this action in June, 1996.
DISCUSSION
Plaintiff was required to bring his claims against both Middlesex and Dettling within three years of the time the cause of action accrued. See G.L.c. 260, §4 (“Actions . .. for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues”); G.L.c. 258, §4. In Massachusetts, a cause of action accrues when a plaintiff knows or reasonably should know that he has been injured by a defendant’s conduct. See Hendrickson v. Sears, 365 Mass. 83, 91 (1974). Here, plaintiff reasonably should have known that he had been harmed by the defendants’ conduct as of March, 1993. Plaintiffs deposition testimony is that he was told, at that time, that the deed had not been recorded, and that Dettling must have made a mistake. Plaintiff further testified at deposition that in March 1993, he contacted the attorney for his father’s estate, who referred Young to another attorney in connection with the matter. The fact that Young did not know what the exact effect of the failure to record the deed would be, or how much he would need to pay to remedy the problem, does not stop the statute of limitations from running. See Williams v. Ely, 423 Mass. 467, 473 (1996) (statute of limitations began to run when plaintiffs learned or reasonably should have learned that defendant attorney had failed to protect them from gift tax obligations, not later when plaintiffs learned precise amount of tax). As plaintiffs claim was not filed until well after March 1996, it is barred by the statute of limitations.
ORDER
For the foregoing reasons, defendants’ motions for summary judgment are ALLOWED.