Crimmins, J.
This appeal raises the issue of at what point were there facts which the plaintiff knew or reasonably should have known so as to cause the statute of limitations to have begun to run.
The trial judge determined that this action was barred by the statute of limitations. We find there was no error.
On or about November 14,1994, the plaintiffs filed this action against the defendant, alleging negligent preparation of a plan of land which caused them to expend great sums of monies for surveys, legal fees and costs attendant to the litigation so as to resolve the boundary dispute and correct the error allegedly created by the defendant. The trial judge found that “the Statute of Limitations began to run at the very least on August 19,1991, and most likely sooner.”
In Hendrickson v. Sears, 365 Mass. 83 (1974), the Supreme Judicial Court announced the “discovery rule,” which in essence provides that the cause of action does not accrue, nor does the statute of limitations begin to run where the action is based upon an inherently unknowable wrong until the injured party knew or in the exercise of reasonable diligence ought to have known of the factual basis for the cause of action. Id. at 91. Generally, a cause of action accrues on the happening of an event likely to put the plaintiff on notice. See Robertson v. Hirsh, 276 Mass. 452, 454 (1931).
The negligent performance of a professional land surveyor, like that of a doctor or attorney, is often “inherently unknowable.” See Hendrickson v. Sears, supra at 90. A person engaging a surveyor would not usually be expected to review the filed notes data or abstract or title or otherwise to oversee the work. As is the case with a doctor or lawyer, one hiring a surveyor is generally entitled to rely upon his work product without checking obscure data. Unless facts or circumstances come to light calling into question the competency of the work, the statute of limitations ought not to be deemed to have begun to run.
The judge’s findings indicate that the 9 foot discrepancy in the location of the boundary line first came to the attention of the plaintiff in October of 1988. This information triggered a further inquiry by the plaintiff to the surveyor and the defendant. He was aware that the abutter contended that the boundary line was ten feet to the east of the stone wall, and not the stone wall. At that point, plaintiff knew or should have known that the accuracy of the plan was in question, at least to the extent that it did not agree with the measurements on the ground. This suspicion was confirmed by an attorney retained by the plaintiff in February of 1989. In March of 1989, plaintiffs commenced an action in the Land Court, to resolve the boundary dispute. The complaint averred that the plan was wrong and that error *40 resulted in the discrepancy.
The trial judge concluded that at least by the early part of 1989, the plaintiffs were aware of the discrepancy and of their financial exposure on account of error.
Since the action was commenced on November 16,1994, the judge determined that the action was barred by the statute of limitations.
There was no error.
The plaintiff’s contention that the statute did not commence to run until a judgment was entered in the Land Court is at variance with the law. The entire emphasis in all formulations of the discovery rule is the knowledge of facts that would put a reasonable person on notice that an error had been made. It is not required that the plaintiff have the certitude that a court judgment exists as a basis for charging the plaintiff with knowledge of facts sufficient to cause the statute of limitations to run. See Kennedy v. Oldham, 1997 Mass App. Div. 171, 172. The filing of the pleadings, not the decision of the Land Court, was sufficient to put the plaintiff on notice. Salin v. Shalgian, 18 Mass App. Ct. 467, 469 (1984).
The appeal should be dismissed.