Mark and Tammy LaRace commenced this action seeking damages against the defendants arising out of a foreclosure sale of property owned by them. Their complaint contained counts for wrongful foreclosure, violation of c. 93A, and slander of title. On the defendants' motions, a Superior Court judge dismissed their claims as barred by the applicable statutes of limitation. We affirm.
"We review the allowance of a motion to dismiss de novo, accepting as true all factual allegations in the complaint and favorable inferences drawn therefrom. We may also consider exhibits attached to the complaint and items appearing in the record," Lipsitt v. Plaud, 466 Mass. 240, 241 (2013), and we may take judicial notice of other related proceedings. See ibid. See also Amato v. District Attorney for the Cape & Islands Dist., 80 Mass. App. Ct. 230, 232 n.5 (2011).
On July 5, 2007, Wells Fargo Bank, as trustee of the ABFC 2005-Opti Trust (bank), conducted a nonjudicial foreclosure sale of the plaintiffs' property. In October, 2008, the bank filed an action in the Land Court seeking to quiet title to the property. The LaRaces did not initially appear in that action. On March 26, 2009, judgment entered against the bank, the Land Court having determined that the foreclosure sale was invalid. The bank sought to vacate the judgment. At this point, the LaRaces appeared in Land Court in opposition to that motion. The motion to vacate the judgment was denied, and the bank appealed. Meanwhile, on December 23, 2009, the LaRaces sent a G. L. c. 93A demand letter to American Home Mortgage Services, Inc. (the predecessor to Ocwen Loan Servicing, LLC) seeking damages for the wrongful foreclosure of their home.
In an opinion dated January 7, 2011, the Supreme Judicial Court affirmed the Land Court judgment in U.S. Natl. Bank Assn. v. Ibanez, 458 Mass. 637 (2011).[5] Three years later, on January 6, 2014, the LaRaces commenced this action. The defendants moved to dismiss the complaint on the ground that the claims were time-barred. The Superior Court judge agreed. The judge determined that the limitations period began to run on March 26, 2009, the date the Land Court found that the foreclosure sale of the LaRaces' home was invalid. He rejected the argument by the LaRaces that they did not have "definitive notice" of the state of Massachusetts law until the Supreme Judicial Court issued its decision, noting that the appropriate standard for accrual of an action is when a party has knowledge they were injured, not when they have "definitive notice."[6] Accordingly, he ruled that the three-year statute of limitations applicable to the plaintiff's tort claims of wrongful foreclosure and slander of title, see G. L. c. 260, § 2A, expired on March 26, 2012, and the four-year limitation period applicable to the c. 93A claim, see G. L. c. 260, § 5A, expired on March 26, 2013, both well before the commencement of this action on January 6, 2014.
"[A] cause of action accrues on the happening of an event likely to put the plaintiff on notice." Flynn v. Associated Press, 401 Mass. 776, 780 (1988), quoting from Hendrickson v. Sears, 365 Mass. 83, 89-90 (1982). "The 'notice' required is not notice of every fact which must eventually be proved in support of the claim." Ibid., quoting from White v. Peabody Constr. Co., 386 Mass. 121, 130 (1982) ). Rather, the accrual date for both the tort and c. 93A claims is "when the plaintiff knew or should have known of appreciable harm resulting from" the defendants' wrongful foreclosure of their home. Schwartz v. Traveler's Indem. Co., 50 Mass. App. Ct. 672, 678 (2001), quoting from International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221 (1990). The March 26, 2009, decision of the Land Court judge that the bank did not have the legal right to foreclose on their property put the LaRaces on notice that an injury had occurred. See Flynn, 401 Mass. at 780, quoting from White, 386 Mass. at 130. That they were on notice at that time is confirmed by their December 23, 2009, G. L. c. 93A demand letter, referenced in the complaint. The complaint, filed more than four years later on January 4, 2016, was, therefore untimely.[7]
Judgment affirmed.

The LaRace matter was a companion case to Ibanez, and the bank's appeal was resolved in that decision.

Additional arguments raised by the plaintiffs below were not addressed in their brief, and are deemed waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Board of Appeals of Maynard v. Housing Appeals Comm. in the Dept. of Community Affairs, 370 Mass. 64, 68 (1976).

To the extent the plaintiffs' argument that the statute of limitations did not commence until the Land Court's decision was affirmed by the Supreme Judicial Court was raised below, the case law is to the contrary. See Frankston v. Denniston, 74 Mass. App. Ct. 366, 375 (2009) (rejecting claim that limitation period was extended until lower court decision was affirmed on appeal; "[t]hat a case is ongoing and not finally adjudicated through the trial or appellate stage does not mean there is no duty of inquiry").