The plaintiffs, Paul McKinnon and Theodore Olivo, appeal from a Superior Court judgment entered on November 22, 2016, for the defendants, Robert R. Berluti and Berluti, McLaughlin & Kutchin (BKU). The trial judge reserved for herself the plaintiffs' G. L. c. 93A claim, and the plaintiffs' contract and negligence claims were submitted to a jury. The jury returned a verdict in favor of the defendants on September 26, 2016. On appeal, the plaintiffs assert that the judge's findings and rulings on the G. L. c. 93A claim were clearly erroneous. For the reasons set forth below, we affirm.
Background. The case before us arises out of a prior lawsuit in which BKU represented the plaintiffs, who worked as commissioned salesmen for Lindenmeyr Monroe. In that lawsuit, the plaintiffs claimed that Lindenmeyr Monroe did not pay all commissions due them. In September, 2009, McKinnon entered into a written fee agreement with Berluti. Olivo was not a party to the agreement.[4] That agreement included a provision whereby Berluti would take the greater of the contingent one-third of a lump settlement or a court-approved award of attorney's fees. An attempt at mediation in April, 2011, before Federal magistrate judge Jerome Niedermeier was not successful. Nevertheless, Berluti, with the express approval of McKinnon, continued negotiations with David Kerman, attorney for Lindenmeyr Monroe, with the "objective" of obtaining adequate and fair damages amounts for each McKinnon and Olivo, including having Lindenmeyr Monroe pay Berluti's attorney's fees directly. The matter ended with a settlement agreement by which Lindenmeyr Monroe paid $215,000 to Berluti in attorney's fees, $60,000 to McKinnon, and $95,000 to Olivo.[5] Both McKinnon and Olivo expressed in writing their satisfaction with the amounts negotiated on their behalf, and each signed settlement agreements that reiterated the breakdown of the three payments by Lindenmeyr Monroe.
On May 7, 2013, nearly two years after McKinnon signed the settlement agreement, McKinnon and Olivo initiated this action by sending a G. L. c. 93A demand letter to Berluti and BKU alleging, among other things, that Berluti violated the original contingent fee agreement he had with McKinnon by taking more than one-third of the combined settlement amount.
Discussion. Chapter 93A. The plaintiffs assert that the trial judge committed clear error in her findings in support of her ruling that judgment should be entered for the defendants on the plaintiffs' G. L. c. 93A claim, which is the only remaining cause of action in this case. We review the judge's findings of fact for clear error and her rulings of law de novo. Cavadi v. DeYeso, 458 Mass. 615, 624 (2011). "A ruling that conduct violates G. L. c. 93A is a legal, not a factual, determination[,]... [a]lthough whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact ... (quotations and citations omitted)." Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 171 (2013), quoting Casavant v. Norwegian Cruise Line Ltd., 460 Mass. 500, 503 (2011).
McKinnon and Olivo assert two similar theories of liability under c. 93A, related to the issue of breach of Berluti's fiduciary duties to his client. "[I]n matters of fees, attorneys are fiduciaries who owe their clients greater duties than are owed under the general law of contract" (quotations and citations omitted). Malonis v. Harrington, 442 Mass. 692, 7025 (2004). Massachusetts Rule of Professional Conduct 1.5 (a) states that an attorney "shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee or collect an unreasonable amount for expenses." Mass. R. Prof. C. Rule 1.5 (a), as amended, 480 Mass. 1315 (2018). Rule 1.5 (b) further requires an attorney to state the "basis or rate of the fee and expenses for which the client will be responsible ... in writing before or within a reasonable time after commencing the representation." Mass. R. Prof. C. Rule 1.5 (b) (1), as appearing in 463 Mass. 1302 (2012).
The jury in this case answered special questions and found no breach of contract between Berluti and McKinnon, and that no contract existed between Berluti and Olivo. Instead, the jury made a specific finding that a valid modification of the fee agreement had occurred. The judge adopted this finding in her consideration of the plaintiffs' c. 93A claim, and made further independent findings.
The judge who heard the evidence that was presented to the jury as well as additional documentary evidence offered in connection with the G. L. c. 93A claim was warranted in finding that Berluti's and McKinnon's initial fee agreement was, as the jury concluded, validly modified, and thus no breach of contract occurred. The judge was warranted in finding that Berluti made his best efforts on behalf of the plaintiffs to obtain for them the highest possible monetary award, that Berluti informed McKinnon and Olivo of all the material terms of the settlement, and that the plaintiffs agreed to the terms of the settlement. Finally, the judge was warranted in finding that in settling the matter, Berluti did not negotiate his fee out of a lump sum amount of damages that Lindenmeyr Monroe agreed to pay, but rather that the settlement that Lindenmeyr Monroe agreed to pay consisted of three elements, namely a monetary award for McKinnon, a monetary award for Olivo, and attorney's fees for Berluti. Based on these findings, the judge was correct in ruling that Berluti made a full and fair disclosure of facts material to his clients' interests, see Hendrickson v. Sears, 365 Mass. 83, 90 (1974), and did not commit an unfair or deceptive act.
Judgment affirmed.

While Olivo was not a named party to the case, the judge found that Lindenmeyr Monroe's attorney insisted that he be included in receiving a settlement and that both Olivo and McKinnon sign confidentiality agreements to ensure that other employees of Lindenmeyr Monroe would not be incentivized to also bring similar lawsuits in the future.

The differing amounts between McKinnon and Olivo were based on the estimated commissions Lindenmeyr Monroe had withheld from each, based on their individual sales records.