JOHN C. SALIN & another[1] *vs.* ROBERT E. SHALGIAN
& another.[2]

Plymouth. February 15, 1984. — August 9, 1984.

Present: BROWN, PERRETTA, & WARNER, JJ.

*Limitations, Statute of. Notice. Negligence,* Attorney.

The buyers of a parcel of residential land, seeking damages from a savings
   bank and an attorney for alleged negligence and misrepresentation in
   connection with a title search and certification, had notice of their claim
   at least as of the date the buyers filed an answer in an action commenced
   in the Land Court by neighbors who alleged that construction of a house
   on the parcel would violate restrictions and easements described in the
   buyers' certificate of title. [468-470]

CIVIL ACTION commenced in the Superior Court Department
on June 16, 1982.

The case was heard by *Keating, J.,* on a motion for summary
judgment.

*Robert J. Baum* for the plaintiffs.

*Jean Marie Kelley (D. Alice Olsen* with her) for Robert E.
Shalgian.

*Paul J. Sullivan* for Rockland Savings Bank.

WARNER J. At the closing, on April 20, 1977, of a loan
and mortgage transaction with the defendant Rockland Savings
Bank (the bank) in connection with the construction of a house,
the plaintiffs (the Salins), as mortgagors, were given a copy
of the certification of title rendered to the bank by its attorney,
the defendant Shalgian. See G. L. c. 93, § 70, inserted by St.
1972, c. 547, § 1. On November 30, 1978, the Salins were
served with a complaint (amended in January, 1979) brought in

---

[1] Judith D. Salin.

[2] Rockland Savings Bank.

the Land Court by neighbors alleging, in material part, that the construction of the Salins' house violated certain restrictions and easements described in the Salins' certificate of title. An attorney for the Salins filed his appearance in that action on December 20, 1978, and an answer on January 31, 1979. The Land Court issued a decision on June 23, 1980, in which it determined that the Salins had violated certain easements and ordered the house removed to another location. On appeal, this court, in a decision entered on February 3, 1982, substantially upheld the Land Court with respect to violations of the easements but, finding laches on the part of the neighbors, reversed the order for removal of the house. *Myers* v. *Salin,* 13 Mass. App. Ct. 127 (1982).

On June 16, 1982, the Salins commenced this action[3] in the Superior Court seeking damages for alleged negligence and misrepresentation in connection with the title search and certification[4] and a violation of G. L. c. 93, § 70, which, by the terms of that statute, constituted an unfair or deceptive act or practice under the provisions of G. L. c. 93A. On cross motions for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), the defendants' motions were allowed, and judgment entered dismissing the action. The dispositive issue in this appeal is whether the claims of the Salins are barred by statutes of limitation. There is no genuine issue as to any of the material facts (set forth above) relevant to that question.

1. *The negligence and misrepresentation claims.* The parties agree that these claims are governed by the three-year statute of

---

[3] Thus about five years and two months after the receipt by the Salins of the title certification, three and one-half years after commencement of suit by the neighbors, two years after the decision of the Land Court, and four months after the decision of this court.

[4] In *Myers* v. *Salin, supra* at 137, we said: "The Salins . . . were given constructive notice by the certificate that successors in title to the properties conveyed by the Whittington deeds might have claims to a right of way to beach rights, and they had actual notice of the plaintiffs' interests if they and their conveyancers read, as they should have, the Whittington deeds in their entirety. See *Killam* v. *March,* 316 Mass. 646, 651 (1944). We hold that the certificates made adequate reference to the affirmative easements claimed under the Whittington deeds."

limitations set forth in G. L. c. 260, § 2A, and that the discovery rule announced in *Hendrickson* v. *Sears,* 365 Mass. 83 (1974), applies. That rule is: "A client's cause of action against an attorney for negligent certification of title to real estate does not 'accrue' for the purposes of G. L. c. 260, §§ 2 and 2A, until the misrepresentation is discovered or should reasonably have been discovered, whichever first occurs."[5] *Id.* at 91. See *Franklin* v. *Albert,* 381 Mass. 611, 618-619 (1980). However, "even with the adoption of a discovery rule, the plaintiff bears the burden of proving facts taking his case outside the impact of the three-year statute of limitations." *Franklin* v. *Albert, supra* at 619. The Salins say that they could not reasonably have discovered the misrepresentations until, at the earliest, the decision of the Land Court (about two years before the commencement of this action) in the action brought by the neighbors.[6] The defendants counter that the commencement of the neighbors' action was sufficient to put the Salins on notice of any negligence or misrepresentations of the defendants.

We think that at least as of the date when the Salins filed an answer to the neighbors' complaint in the Land Court (January 31, 1979) they were on notice of the claims which they now assert. This was the time from which the statute of limitations began to run under the rule in *Hendrickson* v. *Sears,* 365 Mass. 83 (1974). The alleged defects in the certified title were no longer "inherently unknowable."[7] *Id.* at 90. See *Fried-*

---

[5] The defendants do not argue that the provisions of G. L. c. 93, § 70, inserted by St. 1972, c. 547, § 1, did not put the Salins in an equivalent position to clients of Shalgian. Cf. *Page* v. *Frazier,* 388 Mass. 55, 60-61 (1983); *Fall River Sav. Bank* v. *Callahan, ante* 76 (1984). See Note, Attorney Negligence in Real Estate Title Examination and Will Drafting: Elimination of the Privity Requirement as a Bar to Recovery by Foreseeable Third Parties, 17 New Eng. L.Rev. 955, 977-987 (1982).

[6] In view of our disposition of the case it is unnecessary to consider the Salins' alternative argument that the determinative date is that of our opinion in *Myers* v. *Salin, supra.*

[7] While the Salins claim that the defendants continued to represent throughout the neighbors' action that the certification of title was correct, they do not allege fraudulent concealment as a basis for tolling the statute of limitations. Cf. *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 133-135 (1982);

man v. *Jablonski,* 371 Mass. 482, 485-486 (1976); *Dinsky* v. *Framingham,* 386 Mass. 801, 803-804 (1982); *Mansfield* v. *GAF Corp.,* 5 Mass. App. Ct. 551, 554-555 (1977); *Frank Cooke, Inc.* v. *Hurwitz,* 10 Mass. App. Ct. 99, 107-108 (1980). A Land Court decision in the neighbors' action was not a prerequisite to accrual of these causes of action. "In all cases the statute of limitations begins to run when the injured person has notice of the claim. The 'notice' required is not notice of every fact which must eventually be proved in support of the claim. . . . Rather, 'notice' is simply knowledge that an injury has occurred."[8] *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 130 (1982). These causes of action against the bank and Shalgian were barred by the three-year statute of limitations, G. L. c. 260, § 2A, when this action was commenced.

2. *The claim under G. L. c. 93A.* The c. 93A claim rests solely on an alleged violation of G. L. c. 93, § 70, inserted by St. 1972, c. 547, § 1. The Salins concede in their brief that they were given a copy of the certification of title at the closing on April 20, 1977. That is all that § 70 required at the time. Compare the revisions of § 70 by Sts. 1979, § 531 and 1980, § 448. In any event, any cause of action under c. 93, § 70, was time-barred at the commencement of this action by the four-year statute of limitations in G. L. c. 260, § 5A. The discovery rule had no application to this claim.

*Judgment affirmed.*

*Frank Cooke, Inc.* v. *Hurwitz,* 10 Mass. App. Ct. 99, 108-109 (1980). See *Connelly* v. *Bartlett,* 286 Mass. 311 (1934).

[8] There is no question that the Salins suffered injury or harm causally connected to the alleged negligence and misrepresentations of the defendants when they were required to respond to the neighbors' complaint. They sought legal expenses in defending the action as an element of damages in this case. Here there was a confluence of discovery and harm. See *Hendrickson* v. *Sears, supra* at 91; *Cannon* v. *Sears Roebuck & Co.,* 374 Mass. 739, 742 (1978); *Fortin Constr., Inc.* v. *Massachusetts Housing Fin. Agency,* 392 Mass. 440, 443-444 (1984), s. c. 17 Mass. App. Ct. 911 (1983); *Levin* v. *Berley,* 728 F.2d 551, 553 (1st Cir. 1984); *Budd* v. *Nixen,* 6 Cal.3d 195, 200 (1971).