DAVID K. MURPHY & another[1] vs. PEIRCE B. SMITH.

Bristol. May 6, 1991. - October 7, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Limitations, Statute of. Attorney at Law,* Malpractice. *Negligence,* Attorney.

A cause of action for legal malpractice in the certification of good record title in a real estate transaction accrued when the purchasers of the property in question received a letter from an attorney informing them that others asserted a legal right to the property. [135-136]

This court concluded that the statute of limitations applicable to a legal malpractice action (G. L. c. 260, § 4) is tolled in circumstances where the defendant attorney continues to represent the client's interest in the matter in question. [136-138] O'CONNOR, J., dissenting.

In the circumstances of a legal malpractice action, a question of material fact existed with respect to whether the running of the statute of limitations was tolled by the attorney's continuing representation of the plaintiffs; the summary judgment entered for the defendant was vacated and the matter remanded for trial. [138] O'CONNOR, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on October 13, 1987.

A motion for summary judgment was considered by *Andrew G. Meyer,* J., and entry of separate and final judgment was ordered by *John M. Xifaras,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John A. Taylor (David L. Taylor* with him) for the plaintiffs.

*Stephen J. Duggan (Matthew R. Quinn* with him) for the defendant.

[1] Sue Ellen Murphy.

LIACOS, C.J. David K. Murphy and Sue Ellen Murphy (plaintiffs) initiated this legal malpractice action on October 13, 1987, against Attorney Peirce B. Smith (defendant) for negligently certifying good record title to a parcel of land that the plaintiffs were purchasing.[2] The defendant submitted a motion to dismiss the claims against him pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), or alternatively, for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), claiming that the plaintiffs had failed to file their complaint within the period required by the applicable statute of limitations. A judge in the Superior Court allowed the defendant's motion for summary judgment without discussion. A motion for reconsideration was denied. A separate final judgment was entered dismissing the complaint against the defendant. Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). The plaintiffs appealed. We transferred the appeal to this court on our own motion. We vacate the judgment and remand the case to the Superior Court for trial.

*Facts.* We recite the relevant facts in the light most favorable to the plaintiffs, who opposed the motion for summary judgment. *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 370-371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982). By a deed dated March 28, 1980, the plaintiffs purchased a lot of land in Attleboro as tenants by the entirety. The purchase was financed by a purchase money mortgage obtained through First Federal Savings and Loan Association of Attleboro (now First Federal Savings Bank of America) (mortgagee). The defendant acted as attorney for the mortgagee in the transaction. On March 31, 1980, the defendant transmitted to the plaintiffs certification of good record title to the lot.

---

[2]The plaintiffs' original complaint also contained counts against the seller, T.J.T. Realty Co., Inc. The plaintiffs were allowed to amend their complaint to include First Federal Savings Bank of America, the mortgagee, as a defendant. Only the claims against defendant Smith are before the court in this appeal.

Mr. George I. Spatcher, Jr., an attorney representing the plaintiffs' neighbors, sent a letter, dated July 14, 1983 (the Spatcher letter), to the plaintiffs alleging that his clients were the true owners of the lot. On July 18, 1983, the plaintiffs notified the mortgagee and forwarded a copy of the Spatcher letter to the mortgagee's president, Willard E. Olmsted. The matter was referred to the defendant, who thereafter reported to Olmsted and to the plaintiffs "[d]uring 1983 and 1984."[3]

In March, 1985, the plaintiffs retained the services of Attorney Carol F. Grayson. Ms. Grayson sent the defendant a letter, dated March 6, 1985, demanding relief pursuant to G. L. c. 93A (1990 ed.).[4] The plaintiffs' present counsel filed this action against the defendant in the Superior Court on October 13, 1987.

*Statute of limitations.* The only issue before us is whether the applicable statute of limitations bars the plaintiffs from maintaining an action against the defendant. The parties concede that G. L. c. 260, § 4 (1990 ed.), controls.[5] General

---

[3]There is a dispute of fact as to whether the plaintiffs, at some time during this period, retained the services of Attorney James Lewis. We discuss the implications of this issue, *infra.*

[4]The plaintiffs' neighbors took no further action to perfect their claim to the lot, nor did Ms. Grayson take any further action to resolve the issue. The plaintiffs state in their brief that they initiated a complaint for declaratory relief in the Land Court in August, 1987. The status of this action is not shown in this record.

[5]The plaintiffs argue that G. L. c. 93, § 70 (1990 ed.), provides a statute of limitations for legal malpractice based on negligent certification of record title extending for as long as the plaintiffs own the subject premises. The defendant concedes the applicability of G. L. c. 93, § 70, but, relying primarily on *Salin* v. *Shalgian*, 18 Mass. App. Ct. 467 (1984), argues that the plaintiffs' cause of action under § 70 is time limited to three years by virtue of G. L. c. 260, § 4.

The plaintiffs also argue that the applicable statute of limitations for their c. 93A claim against the defendant is four years, relying on G. L. c. 260, §§ 5A and 12 (fraudulent concealment). Nowhere in the plaintiffs' original or amended complaint did they allege fraudulent concealment. The original c. 93A claim against the defendant was based on charges that the defendant "committed unfair or deceptive acts or practices in the con-

Laws c. 260, § 4, provides, in part: "Actions of contract or tort for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues." The threshold question is, at what point does the cause of action accrue for legal malpractice in the certification of good record title in a real estate transaction, thus beginning the statute of limitations period? Once that question is answered, we must evaluate whether any genuine issue of material fact exists warranting a trial.

The defendant urges us to adopt July 18, 1983, the day the plaintiffs received the Spatcher letter, as the accrual date for the plaintiffs' cause of action. On that day, the defendant argues, the facts underlying the cause of action were no longer "inherently unknowable," and at that point the plaintiffs had suffered appreciable harm.

A cause of action accrues when there occurs a "necessary coalescence of discovery and appreciable harm." *Cantu v. Saint Paul Cos.*, 401 Mass. 53, 57 (1987). See *Massachusetts Elec. Co. v. Fletcher, Tilton & Whipple, P.C.*, 394 Mass. 265 (1985). In *Hendrickson v. Sears*, 365 Mass. 83 (1974), we held that a cause of action against an attorney for negligently certifying good title to real estate accrues when "the misrepresentation is discovered or should reasonably have been discovered, whichever first occurs." *Id.* at 91. Consequently, when the plaintiffs received a letter from their neighbors' attorney informing the plaintiffs that the neighbors were asserting a legal right to the property, the plaintiffs had sufficient notice of the facts to make the defendant's alleged negligence no longer inherently unknowable.

Even if we assume further that, where an attorney negligently certifies good record title to real estate and the client purchased the land relying on the attorney's representation, the client suffered appreciable harm at that time, see *Hen-*

---

duct of his trade or business in one or more respects *by certifying good record title* to [the plaintiffs] in violation of [c. 93A]" (emphasis supplied).

In the view we take, we need not decide the validity of the arguments under G. L. c. 93, § 70, or G. L. c. 260, § 12.

*drickson* v. *Sears, supra,*[6] our inquiry does not end. The plaintiffs ask us to adopt the continuing representation doctrine, which tolls the statute of limitations in legal malpractice actions where the attorney in question continues to represent the plaintiff's interests in the matter in question. The continuing representation doctrine has been recognized in many jurisdictions. See, e.g., *Succession of Smith* v. *Kavanaugh, Pierson & Talley,* 565 So. 2d 990, 995 (La. Ct. App. 1990); *Greene* v. *Greene,* 56 N.Y.2d 86, 93-95 (1982); *Schoenrock* v. *Tappe,* 419 N.W.2d 197, 200 (S.D. 1988); *McCormick* v. *Romans,* 214 Va. 144, 148-149 (1973). The issue of continuing representation was raised but not reached in *Cantu, supra* at 58. The doctrine "recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered." *Id.,* quoting *Greene* v. *Greene, supra* at 94. It is not "realistic to say that the client's right of action accrued before he terminated the relationship with the attorney." *Greene* v. *Greene, supra* at 95. The statute of limitations period does not begin to run until "the termination of the undertaking." *McCormick* v. *Romans, supra* at 148.

In the present case, the plaintiffs submitted an affidavit which stated that, when they referred their neighbors' letter to the defendant in July of 1983, he told them that the letter "did not present a cause for concern and that he would take care of it." The plaintiffs' affidavit also stated that based upon these statements, the plaintiffs considered the defendant to be their attorney with respect to the title dispute. For the purposes of reviewing the grant of summary judgment, we must assume that the defendant again undertook to represent the plaintiffs when he made these statements. Pursu-

---

[6]In *Salin* v. *Shalgian,* 18 Mass. App. Ct. 467 (1984), the Appeals Court ruled, on similar facts, that the cause of action in a legal malpractice case for negligently certifying good record title accrued "at least" when the plaintiffs had to respond to their neighbors' claim to the land for which the defendant attorney certified good record title. *Id.* at 469-470 & n.8.

ant to the continuing representation doctrine, the applicable statute of limitations for the plaintiffs' malpractice action should have been tolled from the beginning of this representation until the defendant's termination.

Thus, it becomes a question of fact as to when the services of the defendant in regard to the title dispute were undertaken and when they were terminated. The defendant contends that his services were terminated when the plaintiffs allegedly enlisted the services of Attorney Lewis. The plaintiffs deny ever hiring Mr. Lewis. A genuine issue of material fact exists as to whether the plaintiffs hired Mr. Lewis and, if so, when. Therefore, the judgment is vacated, and the case is remanded for trial.

*So ordered.*


O'CONNOR, J. (dissenting). The court states that "[w]hen the plaintiffs received a letter from their neighbors' attorney informing the plaintiffs that the neighbors were asserting a legal right to the property, the plaintiffs had sufficient notice of the facts to make the defendant's alleged negligence no longer inherently unknowable." *Ante* at 136. I agree. In addition, the court quite properly "assumes" that the defendant's alleged negligence caused the plaintiffs appreciable harm when they purchased the property. It follows, then, in keeping with our cases, see, e.g., *Bowen* v. *Eli Lilly & Co.*, 408 Mass. 204, 205-206 (1990); *Olsen* v. *Bell Tel. Laboratories, Inc.*, 388 Mass. 171, 175 (1983); *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 129 (1982); *Friedman* v. *Jablonski*, 371 Mass. 482, 485 (1976); *Hendrickson* v. *Sears*, 365 Mass. 83, 90 (1974), that the plaintiffs' cause of action accrued in mid-July, 1983, when they received the neighbors' letter. I take it that the court agrees with that.

Then, purporting to apply the doctrine of continuing representation, the court reasons that for summary judgment purposes it must be assumed that, when the defendant told the plaintiffs that the letter they had received "did not present a

cause for concern and that he would take care of it," the defendant "again undertook to represent the plaintiffs" with the result that "the applicable statute of limitations . . . should have been tolled from the beginning of this representation until the defendant's termination." *Ante* at 137-138. "Thus," says the court, "it becomes a question of fact as to when the services of the defendant in regard to the title dispute were undertaken and when they were terminated." *Ante* at 138. For the reasons set forth below, I do not agree that the doctrine of continuing representation can properly be applied to this case, nor do I agree that once a cause of action has accrued, as it has here, this court, consistent with the constitutional principle of separation of powers, may suspend, or "toll," the running of a statutory limitations period in the absence of statutory authorization. In my view, since the plaintiffs' cause of action accrued in July, 1983, more than four years before this action was commenced, the action is time barred.

It is clear from the cases cited by the court that the doctrine of continuing representation as it applies to legal malpractice cases is premised on the idea that, if an attorney wrongs a client in connection with a particular matter and then continues to represent the client in reference to that same matter, the client cannot reasonably be expected to question or second-guess the attorney concerning that matter while the representation continues. According to the doctrine, which is entirely reasonable, the dependence of the client on his or her attorney while the representation continues makes any malpractice in connection therewith inherently unknowable by the client. The doctrine is simply an implementation of our familiar discovery rule which holds that a cause of action does not accrue until the fact that the plaintiff may have been injured by the wrong of another is reasonably knowable. The doctrine functions to establish the time of accrual as occurring *after* the period of continuing representation has begun and ended. The doctrine has no application in this case for two reasons. First, as the court recognizes, the cause of action here accrued before, not after, the

"continuing representation" identified by the court even began. Second, the defendant attorney did not continue to represent the plaintiffs from the time of the alleged wrong until within three years of the commencement of this action, as the doctrine contemplates. Obviously, once the title certificate was delivered to the plaintiffs and the real estate transaction was closed, any attorney-client relationship between the defendant and the plaintiffs that may have existed until that time was over.[1] The court does not suggest otherwise. Indeed, the court states that, when the defendant agreed to look into this matter, he "*again* undertook to represent the plaintiffs" (emphasis added). *Ante* at 137. So, in this case there was no continuing representation at any relevant time.

It should come as no surprise to anyone that the continuing representation doctrine has nothing to do with tolling the running of a limitations period that has already begun, but instead has to do with the question when a cause of action has accrued and thus has initiated the running of the limitations period. General Laws c. 260, § 4 (1990 ed.), provides in relevant part: "Actions of contract or tort for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues." Nothing in c. 260 or elsewhere in the statutes of the Commonwealth provides for any relevant exception to that mandate. The court does not suggest otherwise, but simply carves out its own exception to the Legislature's command. In doing so, the court ignores a very critical distinction which it has consistently recognized until now. That distinction is between declaring when a cause of action arises so as to trigger the running of a statutory limitations period, which is a question we have said many times is one that the Legislature has left to the courts, and the "amendment" of a statute by judicial fiat, which is inconsistent with the constitutionally

---

[1] I shall pass over the question whether the defendant, who was retained by the bank and not by the plaintiffs, should be considered the plaintiffs' attorney because G. L. c. 93, § 70 (1990 ed.), required the attorney to render them a title certificate.

mandated allocation of powers among the three branches of government.

In my view, this action was time barred. I would affirm the judgment for the defendant.