**Martin HODAS, Plaintiff,**

v.

**SHERBURNE, POWERS & NEEDHAM, P.C., Mark Schonfeld, Defendants.**

Civil Action No. 96–10316–GAO.

United States District Court, D. Massachusetts.

Aug. 16, 1996.

---

Matthew Cobb, Law Firm of Matthew Cobb, Boston, MA, for Martin Hodas.

Michael D. Weisman, Hill & Barlow, Boston, MA, for Sherburne, Powers & Needham, P.C., Mark Schonfeld.

*MEMORANDUM AND ORDER*

O'TOOLE, District Judge.

In this diversity suit, the plaintiff Martin Hodas alleges that the defendants Mark Schonfeld and Sherburne, Powers & Needham, P.C., the plaintiff's former lawyer and law firm between 1986 and 1995, committed violations of Mass.Gen.L. ch. 93A (Count I), breach of contract (Count II), negligence and legal malpractice (Count III), and breach of fiduciary duty (Count IV). The defendants have moved to dismiss the complaint for the reason that the claims are barred by the applicable statutes of limitations.

■ The defendants assert that a four-year statute of limitations is applicable to Count I, and a three-year period to Counts II, III, and IV. Hodas agrees with the defendants on Count I and IV but contends that the relevant limitations periods for Counts II and III should be six years.

Concerning which limitations period should apply, the defendants are correct. Massachusetts provides a six-year statute of limitations for most actions on a contract and a three-year period for most torts. Mass. Gen.L. ch. 260, §§ 2, 2A. However, Massachusetts has established a three-year period for "[a]ctions of contract or tort for malpractice, error or mistake against attorneys...." Mass.Gen.L. ch. 260, § 4. Despite Hodas' arguments to the contrary, section 4 applies to Counts II, III, and IV of his complaint. The claims contained in these counts all clearly relate to the legal representation his lawyer and law firm provided him, and they cannot properly be characterized otherwise. To the extent Hodas suggests that the defendants' actions were so intentionally wrongful that the term "malpractice" would not encompass them, he is mistaken. *See Black's Law Dictionary* at 959 (6th ed. 1990). The Supreme Judicial Court ("SJC") has further-

more expressed a strong reluctance to allow different statutes of limitations to apply to the same set of facts where the plaintiff has simply restated those facts in another guise. *See Hendrickson v. Sears*, 365 Mass. 83, 310 N.E.2d 131, 132–33 (1974).

Hodas alleges in his complaint that he first discovered the defendants' wrongs in late March, 1992. Amended Complaint, ¶ 31. Accepting that pleading, his claims under any of the theories in Counts II, III, and IV would ordinarily not survive.[1]

■ As a way of saving his claims, Hodas points to the doctrine of "continuing representation" as adopted by the SJC. That doctrine tolls the statute of limitations period applicable to a legal malpractice action "where the attorney in question continues to represent the plaintiff's interests in the matter in question." *Murphy v. Smith*, 411 Mass. 133, 579 N.E.2d 165, 167 (1991). The doctrine recognizes that a person who has sought legal assistance cannot realistically be expected to second-guess the attorney's performance so long as the attorney-client relationship continues. *Id.*, 579 N.E.2d at 168. Thus, for example, the doctrine applies where an attorney who had certified title to a property purchased by the plaintiffs and then assured his clients, when their title was questioned, that he would take care of it, even though the clients were certainly aware that something might be amiss. *Id.*, 579 N.E.2d at 168. The doctrine only protects innocent reliance, however; where a client knows that something is wrong and goes ahead anyway, there can be no tolling. *Cantu v. The St. Paul Companies*, 401 Mass. 53, 514 N.E.2d 666, 669 (1987); *see also Spilios v. Cohen*, 38 Mass.App.Ct. 338, 647 N.E.2d 1218, 1220, *review denied*, 420 Mass. 1104, 651 N.E.2d 410 (1995). So in *Cantu*, an action by a doctor who wanted to sue the attorneys who

---

1. A four-year statute of limitations applies to Count I, the Chapter 93A claim. Mass.Gen.L. ch. 260, § 5A. Taking at face value Hodas' assertion that he did not discover the wrong until March, 1992, this count is apparently timely. However, in a related case, commenced the same day as this, the Court has concluded that Hodas was on inquiry notice of an alleged civil RICO violation more than four years before he brought the action. *Hodas v. Sherburne, Powers & Need-*

*ham, P.C., et al.*, Civil Action No. 96–10317–GAO. Unlike the RICO allegations, the chapter 93A claim appears to be directed at actions of the defendants in their capacities as legal counsel to Hodas. Accordingly, even if Hodas was on inquiry notice of the claim more than four years before bringing it, it might be saved, like the other claims in the present complaint, by the doctrine of continuing representation, discussed in the text.

represented him in a medical malpractice action accrued when the doctor learned that his attorneys had failed to notify his excess insurance carrier of a potential claim, not when he replaced his attorneys and hired different ones.

The facts as pled tend to suggest that the case falls outside of the doctrine. Nonetheless, the complaint does allege that the defendants represented Hodas through 1995 on matters that form the basis of the allegations. The leeway between *Murphy* and *Cantu* is such that, on the face of the complaint, the Court cannot say that the continuing representation theory would not apply.

For the foregoing reasons, the defendants' motion to dismiss is DENIED.