**Vincent R. LOCICERO, Plaintiff,**

v.

**John K. LESLIE, Thomas M. Kiley, John Sandelli, Defendants.**

**Civil Action No. 96–11224–WGY.**

United States District Court,
D. Massachusetts.

Nov. 14, 1996.

---

2. None is shown.

Vincent R. LoCicero, Sarasota, FL, for Plaintiff.

John K. Leslie, Chelmsford, MA, Pro Se.

Thomas I. Elkind, Epstein, Becker & Green, P.C., Boston, MA, John C. Sandelli, Dracut, MA, for Defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Vincent R. LoCicero ("LoCicero") commenced this action against John K. Leslie ("Leslie"), Thomas M. Kiley ("Kiley") and John Sandelli ("Sandelli") (collectively "the Defendants") on June 12, 1996 alleging breach of fiduciary duty (Count I), attorney malpractice (Count II), unfair trade practices under chapter 93A (Count III) and negligent infliction of emotional distress (Count IV). The allegations stem from the Defendants'

representation of LoCicero in various matters following his wife's incapacitation. Kiley and Sandelli filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). This Court heard arguments on the motions to dismiss on October 10, 1996. During the hearing, this Court granted the motion to withdraw filed by LoCicero's counsel and gave LoCicero 30 days in which to amend his Complaint. Having failed to amend within the 30 day period, this Court considers the merits of the motions to dismiss.

## I. STATEMENT OF CASE

LoCicero's wife suffered a massive intercerebral hemorrhage which caused the herniation of her brain stem. After his wife's incapacitation, the probate court appointed LoCicero conservator for her. Sandelli represented LoCicero in the probate court proceedings. LoCicero, individually and in his capacity as conservator, instituted a medical malpractice action ("the state court action") to recover for his wife's injuries. Leslie initially represented LoCicero in the state court action and Kiley eventually took over the representation. LoCicero recovered seven million dollars in the state court action—six million dollars in his capacity as conservator and one million dollars in his individual capacity.

At a settlement hearing before Judge Izzo of the Middlesex Superior Court on November 18, 1988, the following colloquy occurred between the judge and LoCicero:

The Court: Okay. And you're going to hold that money for her benefit; is that correct?

The Witness: That's right, your Honor.

The Court: And as conservator, you understand you must report that amount in an accounting to the Probate Court; do you understand that?

The Witness: Yes, your Honor.

The Court: And make annual accounts on that money.

You are getting, yourself, four hundred thousand dollars, less attorney's fees, et cetera, two hundred ninety thousand dollars going to you is your money to do as you wish. You understand that?

The Witness: Yes, your Honor.

Transcript, November 18, 1988, Settlement Hearing, C.A. No. 85–4480, Middlesex Superior Court (attached to Affidavit of Thomas M. Kiley).

LoCicero alleges that the Defendants never notified him of his duty to file an accounting with the probate court and, therefore, he did not file any accountings after the settlement of the state court action.[1] LoCicero states that on June 24, 1993, the daughter of his incapacitated wife, Joanne Carlo ("Carlo"), filed a petition in the probate court to require LoCicero to file an accounting. On June 30, 1993, Carlo filed a petition to remove LoCicero as conservator and appoint herself as successor. On August 17, 1993 Carlo filed petitions for contempt against LoCicero for his failure to file an accounting.

LoCicero states that he has accumulated $70,000 in legal fees and suffered severe emotional distress as a result of defending Carlo's allegations. LoCicero states that he failed to file the required accountings because the Defendants never informed him of his duty to do so. LoCicero seeks damages for the injuries he has suffered as a result of the Defendants' actions.

## II. *DISCUSSION*

■ Kiley filed a motion to dismiss or in the alternative for summary judgment to which he attached the above quoted transcript from the settlement hearing. Kiley argues that LoCicero's action is time-barred and also that each claim fails on its merits. Leslie's motion to dismiss states that the Amended Complaint is time-barred. In opposition, LoCicero argues that this Court should not convert a motion to dismiss to a motion for summary judgment and that, therefore, this Court should ignore the transcript of the settlement hearing in ruling on the motions to dismiss.

Despite the parties' arguments, it is not necessary for this Court to convert the motion to dismiss to a motion for summary judgment. This Court may take judicial no-

tice of the transcript as a public record and may rely on that record in determining these motions to dismiss under rule 12(b)(6). *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (stating that court may, in deciding motion under Fed.R.Civ.P. 12(b)(6), consider official public records); *Branch v. FDIC*, 825 F.Supp. 384, 398 n. 8 (D.Mass.1993) (Young, D.J.) (stating "it is well established that a district court may take judicial notice of public records or indisputably authentic documents on a 12(b) motion without converting even a 12(b)(6) motion into one for summary judgment.") If this Court were to ignore the transcript, it would diminish the value and significance of the prior judicial proceedings.

■ In taking judicial notice, this Court can easily resolve the issues raised in the motions to dismiss. All of LoCicero's claims (breach of fiduciary duty, attorney malpractice, unfair trade practices and negligent infliction of emotional distress) arise out of the Defendants' alleged failure to notify LoCicero of his duty to file an accounting with the probate court. Massachusetts recognizes the discovery rule which dictates that these causes of action accrued when LoCicero learned, or reasonably should have learned, that he was harmed by the Defendants' actions. *See Riley v. Presnell*, 409 Mass. 239, 243, 565 N.E.2d 780 (1991). In other words, LoCicero's claims accrued when he discovered that the Defendants failed to notify him of his duty to make accountings with the probate court.

■ LoCicero states in his Amended Complaint that he did not receive notice of the Defendants' failure to notify him of his accounting duty until June 24, 1993. The transcript from the state court action, however, clearly establishes that LoCicero did, in fact, have notice of his duty to file an accounting— and therefore notice of the Defendants' failure to so inform him—in November of 1988. *See Murphy v. Smith*, 411 Mass. 133, 136, 579 N.E.2d 165 (1991). All of LoCicero's claims are therefore time-barred.[2]

---

1. LoCicero was initially appointed conservator in 1984 in order to sell property. At that time, he did provide the probate court with an accounting.

2. The statute of limitations for LoCicero's various claims are as follows. A plaintiff has three years to file claims for breach of fiduciary duty (Count I), *Kirley v. Kirley*, 25 Mass.App.Ct. 651, 653–54,

### III. *CONCLUSION*

For the reasons discussed above, this Court **GRANTS** Kiley and Sandelli's motions to dismiss. In addition, this Court hereby **DISMISSES** the entire action as time-barred.

SO ORDERED.

---

521 N.E.2d 1041, *rev. denied*, 402 Mass. 1104, 524 N.E.2d 400 (1988), legal malpractice (Count II), Mass.Gen.L. ch. 260, § 4, and negligent infliction of emotional distress (Count IV), Mass. Gen.Law ch. 260, § 2A. A claim under chapter 93A for unfair and deceptive trade practices (Count III) must be commenced within four years after the cause of action accrues. Mass. Gen.Law ch. 260, § 5A.