Curran, Dennis J., J.
Frank Lahnston, Jr. has brought a legal malpractice action against Mark W. Williamson for alleged negligence in both drafting a trust agreement and advising his client about statutory filing requirements. The matter is now before the court on Williamson’s motion for summary judgment arguing that the complaint is time-barred by a three-year statute of limitations.
For the following reasons, Williamson’s motion for summary judgment is ALLOWED.
BACKGROUND
The following facts are undisputed.
Frank Lahnston, Jr. and his siblings wanted to create a charitable trust in the memory of their parents, which would provide scholarship money to a deserving Medway High School student. In December 1994, defendant Mark W. Williamson drafted a trust agreement entitled Mary D. and Frank C. Lahnston Scholarship Trust, in which Lahnston was named trustee. It required Lahnston to award the scholarship to a qualified person whom the Medway Scholarship Committee selected. There were certain enumerated guidelines the award recipient should have met and continued to meet to renew funding each year, but the trust agreement commanded that “the income accumulated shall be distributed each year, in any event’ and “(t]he [tjrustee shall take the above guidelines into account but shall award, the scholarship each year to a deserving student” (emphasis added).
In May 1996, the Medway Scholarship Committee selected the first recipient who was awarded $2,881 for each of her sophomore, junior, and senior years in college. No award was given between 1996 and 2000, because, according to Lahnston, no qualified student applied. In May 2000, the second recipient was selected by the committee to receive $2,500 for each of her four years in college, but Lahnston did not pay her any portion of the award.
In late 2004, the Attorney General’s Office informed Lahnston of statutory filing requirements for the trust and requested previous financial statements. He contacted Chad White at Barrett & Company, the custodian of the trust’s assets, who told him that the trust was improperly set up and that Williamson did something wrong. In May 2005, after the Attorney General filed an action against him, Lahnston believed that Williamson had bungled the trust agreement. Lahnston hired counsel to represent him against the Attorney General’s action and incurred legal fees, which he paid personally. Williamson was only involved in the litigation as a witness. Lahnston’s counsel provided him with an affidavit to read over, make corrections to, and sign.
On or about September 19, 2007, the court removed Lahnston from his position as trustee, finding that he violated the terms of the trust and solely caused a complete frustration of the purpose of the trust. Lahnston filed a complaint on January 28, 2010, blaming Williamson for his removal.
DISCUSSION
Summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cabot Corp. v. AVX Corp.. 448 Mass. 629, 636-37 (2007). Where the statute of limitations has run, summary judgment is appropriate. See Doe v. Harbor Schs., Inc., 446 Mass. 245, 247 (2006).
Massachusetts has a three-year statute of limitations for legal malpractice claims, which starts to run once Lahnston knows or reasonably should know that he has sustained appreciable harm as a result of Williamson’s conduct (allegedly) and whereupon Lahnston acquires a duty of inquiry. G.L.c. 260, §4; see Lyons v. Nutt, 436 Mass. 244, 247 (2002); Williams v. Ely, 423 Mass. 467, 473 (1996); Frarikeston v. Denniston, 74 Mass.App.Ct. 366, 373 (2009). The court, in Frankston, notes that appreciable harm includes “the incurring of legal expenses, such as litigation-related expenses in defending against, or advancing, an issue that is central to the alleged legal malpractice.” 74 Mass.App.Ct. at 374.
Lahnston had reasonable notice of appreciable harm resulting from Williamson’s alleged negligence in May 2005, if not earlier, when he thought Williamson had bungled the trust agreement and incurred legal fees defending himself against the Attorney General’s action for inadequate performance of fiduciary duties. See Wüliams, 423 Mass, at 473; Frankston, 74 Mass.App.Ct. at 373, 374. It was Lahnston’s duty to inquire whether there was legal *260 malpractice and to timely file his complaint against Williamson, which he failed to do because his complaint was filed on January 28, 2010, almost five years after he had reasonable notice. See Frankston, 74 Mass.App.Ct. at 373, 374.
Lahnston argues that the continuing representation doctrine should have tolled the statute of limitations until on or about September 19, 2007, the date that the judgment in the earlier litigation was announced. The continuing representation doctrine “tolls the statute of limitations in legal malpractice actions where the attorney in question continues to represent the plaintiffs interests in the matter in question.” Murphy v. Smith, 411 Mass. 133, 137 (1991); see Lyons, 436 Mass, at 250; Frankston, 74 Mass.App.Ct. at 377. This doctrine protects a client’s confidence in and reliance on her attorney’s expertise, and she should not be required to second guess or assess the quality of the legal services that her attorney provides. Cantu v. St. Paul Cos., 401 Mass. 53, 58 (1987); see Lyons, 436 Mass, at 249-50; Murphy, 411 Mass, at 137. The continuing representation doctrine does not apply in Lahnston’s case for two reasons: firstly, Williamson stopped representing Lahnston’s interests in 1994,[1] and secondly, Lahnston lost confidence in Williamson’s expertise in May 2005, at which point he should have inquired whether Williamson was indeed negligent and filed a timely complaint. See Lyons, 436 Mass, at 250; Frankston, 74 Mass.App.Ct. at 373, 374, 377.
Because Lahnston filed his complaint more than three years after he had reasonable notice that Williamson’s conduct might have caused him appreciably harm, it is time-barred as a matter of law. G.L.c. 260, §4; see Lyons, 436 Mass, at 247; Williams, 423 Mass, at 473; Frankston, 74 Mass.App.Ct. at 373.
ORDER
For these reasons, Frank Lahnston, Jr.’s complaint is time-barred. Mark W. Williamson is entitled to judgment as a matter of law, and his motion for summary judgment is ALLOWED.
Judgment shall enter for the defendant, Mark W. Williamson, with prejudice.

 Lahnston points to Eck v. Kellem, where the court applied the continuing representation doctrine even though the defendant attorney had stopped representing the client who had hired subsequent counsel. 51 Mass.App.Ct. 850, 855 (2001). The Frankston court, in a footnote, distinguishes Eck from cases like Lahnston’s, because in Eck the defendant attorney had reassured and successfully convinced subsequent counsel that the client would not incur liability, and the client had every good reason to accept, trust, and rely .on former and subsequent counsel’s entirely aligned position. See Frankston, 74 Mass.App.Ct. at 377; Eck, 51 Mass.App.Ct. at 855. There is no similar persuasion made by Williamson, who was merely a witness in the earlier litigation and was provided with an affidavit by Lahnston’s subsequent counsel to read over, make corrections to, and sign. See Frankston, 74 Mass.App.Ct. at 377; Eck, 51 Mass.App.Ct. at 855.