SaNders, Janet L., J.
This is a legal malpractice action arising out of the defendant’s representation of the plaintiffs Ronald and Phyllis Chasse (the Chasses) in a lawsuit in United States District Court that resulted in a jury verdict against them. This Court has already dismissed two of the three defendants (Sus-hchyck and Meltzer) on statute of limitations grounds: both of these defendants ceased to represent the Chas-ses in the federal lawsuit in March 2010, well beyond the applicable three-year limitations period set forth in G.L.c. 260, §4. See Memorandum of Decision and Order dated October 10, 2014. The remaining defendant, John S. Day, now moves for summary judgment, contending that the claims against him are also time-barred. Unlike the two dismissed defendants, however, Day represented the Chasses through a jury trial and on post-trial motions, including a motion for new trial that was denied on March 24, 2011. This action was filed on September 26, 2013. This Court concludes that, because there are questions of fact as to when the limitations period began to run as to Day, his Motion must be DENIED.
The Chasses are husband and wife, and joint owners of Applewood Properties, Inc. (Applewood), once in the business of buying and selling modular homes. *495 The federal suit was brought by Applewood alleging breach of warranty against Signature Building Systems, Inc. (Signature), which had sold Applewood a modular home that the Chasses contend was defective. Day filed a Notice of Appearance in the federal case in March 2010, taking over the representation of Applewood and the Chasses from defendants Meltzer and Sushchyk. After a status conference in June 2010, trial was set to begin September 13, 2010.
In answer to special questions, the jury found that Signature had indeed breached certain warranties but that Applewood was not entitled to recover any damages. On October 27, 2010, Day filed a Motion for New Trial based on the argument that the jury decision was the result of certain errors in the court’s rulings. On March 24, 2011, the magistrate judge who had presided at the trial denied the Motion. In so ruling, the judge not only rejected the claimed errors but went on to state that “Applewood’s case was notably lacking as to evidence of damages” and that plaintiffs had simply failed to sustain their burden of proof on that element. In their affidavits, the Chasses state that they did not understand, until they consulted new counsel, that Day could have presented additional evidence of damages at the trial. Plaintiffs expert in the instant case opines that this failure to fully develop damages-related evidence fell below the standard of care applicable to an attorney.
‘The statute of limitations does not begin to run on a claim of malpractice until the plaintiff knows or reasonably should know that he or she has been harmed by the defendant’s conduct.” Williams v. Ely, 423 Mass. 467, 473 (1996). In support of his motion, Day argues that the Chasses, who attended each day of the federal trial, knew what evidence had (or had not) been presented in support of their claims. Once the jury verdict was returned awarding no damages, they were aware (it is argued) that they had not only suffered harm but also had “knowledge or sufficient notice” that Day had caused that harm. Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 208 (1990). Because the jury verdict was returned on September 17, 2010 and the instant action was not filed until September 26, 2013, Day maintains that it is time-barred.
As this Court already stated in its earlier decision, the plaintiffs in this instant case knew or reasonably should have known that they had suffered harm when the jury verdict returned a verdict finding no damages. The more difficult question is when they knew or reasonably should have known that their attorney was the cause of that harm. In the instant case, Day continued to represent the plaintiffs well after the trial and, in filing a motion for new trial, blamed the jury’s decision on certain court rulings. In arguing that their cause of actions did not accrue for statute of limitations purposes until their relationship with Day terminated, the plaintiffs rely on the doctrine of continuing representation.
That doctrine is based on the notion that “a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith and realistically cannot be expected to question and assess the techniques employed or the manner in which those services are rendered.” Murphy v. Smith, 411 Mass. 133, 137 (1999), quoting with approval Greene v. Greene, 56 N.Y.2d 86, 93-95 (1982). The doctrine may not apply where there is sufficient knowledge on the client’s part that he has been harmed by his attorney, even though the relationship has not yet terminated. See e.g., Lyons v. Nutt, 436 Mass. 244 (2002) (refusing to apply the doctrine where the undisputed facts showed that the plaintiff had lost faith in his attorney well before the representation was over). In the instant case, the facts are not undisputed as to the plaintiffs’ knowledge, however. The summary judge record viewed in the fight most favorable to the plaintiffs contains facts showing that the Chasses relied on Day’s legal expertise and had no reason to know that the jury’s verdict was caused by Day until (at the earliest) the motion for new trial was denied. Because there are material facts in dispute as to when the Chasses knew or reasonably should have known that Day was the cause of the harm that had befallen them, summary judgment is inappropriate.