The plaintiff, Sharon Stotsky-Hilman, appeals from a summary judgment dismissing her complaint for breach of contract against her former attorney, Nancy Freed, and Freed's law firm, Prince Lobel Tye LLP (collectively, defendants). The plaintiff claims that a Superior Court judge (motion judge) erred when he concluded that (1) her claim was barred by the statute of limitations, and (2) the defendants are entitled to judgment as a matter of law even if the claim was not time-barred. We affirm.
Background. The following material facts are undisputed. In October, 2007, the plaintiff's former husband filed for divorce. In March, 2008, the plaintiff met with Freed to discuss Freed representing her in the divorce. Freed provided the plaintiff with a written fee agreement that Freed had signed on behalf of the law firm. She verbally represented that the defendants would provide all necessary legal services in the divorce action at a cost of $25,000 to $100,000. Four days later, on March 17, 2008, the plaintiff signed the written fee agreement and returned it to the defendants along with a retainer of $25,000. In pertinent part, the fee agreement provided that (1) it represented the entire agreement between the parties, (2) the plaintiff had carefully read the agreement, understood its contents, and agreed to be bound by its terms, (3) the plaintiff was aware of her right to consult with another attorney prior to signing the agreement, and (4) the agreement could be amended only by a written instrument signed by both parties. The agreement set forth the hourly billing rates charged by partners, associates, law clerks and paralegals, but did not specify a total amount the defendants would charge the plaintiff for their services.
The defendants began work on the plaintiff's divorce after receiving the $25,000 retainer, and they billed the plaintiff on a monthly basis. Between March, 2008, and March, 2010, the plaintiff made fourteen separate payments to the defendants totaling $255,396.88. These payments included a total of $100,000 paid in six installments between March, 2008, and December, 2008, an additional $150,000 paid in seven installments between March, 2009, and December, 2009, and $5,396.88 on March 15, 2010. In March, 2010, the plaintiff terminated her relationship with the defendants and retained another attorney to represent her in the divorce.
On March 16, 2016, the plaintiff filed a complaint alleging, among other things, that the defendants did not conduct discovery, did not engage in settlement negotiations, and billed excessively for legal services. As to her claim for breach of contract, which was the only stated cause of action, the plaintiff alleged that she and Freed had agreed that the plaintiff would pay "somewhere between $25,000 and $100,000 in fees to complete the entire divorce." According to the plaintiff, Freed's oral representation that the cost would not exceed $100,000 constituted a contract that the defendants breached by charging her more.
On August 11, 2016, the defendants filed a motion to dismiss the complaint asserting that it was barred by the three-year statute of limitations applicable to claims for legal malpractice. A judge other than the motion judge allowed the motion with respect to allegations sounding in legal malpractice, reasoning that they were time-barred, but denied the motion as to "paragraphs of the complaint which arguably state claims for breach of contract." Thereafter, the defendants moved for summary judgment on the remainder of the plaintiff's complaint. The motion judge concluded that the "true nature of the contract claim is one of malpractice," which was therefore time-barred by the three-year statute of limitations applicable to tort actions. See G. L. c. 260, § 2A. Alternatively, he reasoned that even if the complaint alleged a breach of contract claim it was time-barred because it accrued more than six years before the plaintiff filed the action. See G. L. c. 260, § 2. Finally, the judge opined that the defendants were entitled to summary judgment on the merits inasmuch as the fee agreement was unambiguous and contained no cap on the legal fees.
Discussion. "We review the allowance of a motion for summary judgment de novo to determine whether the moving party has established that, viewing the evidence in the light most favorable to the opposing party, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018), quoting Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016).
Like the judge who considered the motion to dismiss, we interpret the plaintiff's complaint as one alleging both legal malpractice and breach of contract. The only claim before us however, is breach of contract, as the plaintiff did not appeal the order of September 14, 2016, which dismissed so much of the complaint as alleged legal malpractice. Accordingly, we focus on the breach of contract claim. The plaintiff alleges that she and the defendants entered into an agreement, supported by $25,000 in consideration, whereby the defendants would provide legal services for no more than $100,000. The plaintiff performed her part of the contract by paying for those legal services. Viewing the evidence in the light most favorable to the plaintiff, the defendants breached the agreement when they charged her more than $100,000, and the plaintiff suffered harm as a result.
An action for breach of contract must be commenced within six years after the cause of action accrues. See G. L. c. 260, § 2. The cause of action "accrues at the time of the breach." International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 221 (1990). Here, it is undisputed that the plaintiff paid the defendants $100,000 between March, 2008, and December, 2008. She then paid $150,000 more in seven installments between March, 2009, and December, 2009. Thus, as of March, 2009, when she paid the first installment exceeding $100,000, the plaintiff knew that the defendants were in breach of the alleged oral contract. Any breach of contract action would therefore have to be filed by March of 2015. Because it is undisputed that the plaintiff's complaint was not filed until March 16, 2016, we discern no error in the motion judge's conclusion that it was not timely.[3]
Finally, we are not persuaded by the plaintiff's argument that the statute of limitations was tolled by the continuing representation doctrine. That doctrine tolls the statute of limitations in legal malpractice actions, not in actions for breach of contract. See Murphy v. Smith, 411 Mass. 133, 137 (1991). Moreover, the continuing representation doctrine has no application where, as in this case, "the client actually knows that [s]he has suffered appreciable harm as a result of [her] attorney's conduct." Lyons v. Nutt, 436 Mass. 244, 250 (2002).
Judgment affirmed.

The plaintiff would fare no better if we reached the merits. The fee agreement is unambiguous. Even if Freed orally represented to the plaintiff before the fee agreement was signed that her costs would not exceed $100,000, that representation cannot alter the plain terms of the agreement. See Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017) ("when the language of a contract is clear, it alone determines the contract's meaning"); EventMonitor, Inc. v. Leness, 473 Mass. 540, 549 (2016) ("A reviewing court considers extrinsic evidence only when a term in a contract is ambiguous").