NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1193

PAMELA CRESTA

vs.

ADELIO DEMIRANDA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of the Superior Court dismissing her 2022 legal malpractice complaint against the defendant lawyer, whose representation of the plaintiff in a medical malpractice tort action concluded in 2005. The judge ruled that the plaintiff's 2022 complaint was barred by res judicata due to a 2019 suit the plaintiff had brought against the defendant (among others) raising the same issues. Additionally, the judge ruled that the 2022 action suffered from some of the same infirmities that led to the dismissal of the 2019 action, in particular that it was filed well beyond the three year statute of limitations governing legal malpractice claims, G. L. c. 260, § 4. We affirm.

Discussion. "We review the allowance of a motion to dismiss de novo." Magliacane v. Gardner, 483 Mass. 842, 848

(2020), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). "For purposes of that review, [in addition to] accept[ing] as true the facts alleged in the plaintiffs' complaint and any exhibits attached thereto, [we] draw[] all reasonable inferences in the plaintiffs' favor." Magliacane, supra, quoting Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 595 (2017).

1. Res judicata. "The term 'res judicata' includes both claim preclusion and issue preclusion. Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action. This is based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit. The invocation of claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotations and citations omitted). Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).

On appeal, the plaintiff argues that the judge erred in his res judicata analysis because the prior case had different issues and there was never any final judgment on the merits. The plaintiff contends that the 2019 complaint dealt with the

defendant's deficient representation during the tort action, whereas the 2022 complaint deals with "the continued misrepresentation and spoliation of evidence engaged in by the Defendant through the present moment."  Notwithstanding the plaintiff's characterization, we agree with the motion judge that a comparison of the 2019 complaint and the 2022 complaint reveals that the claims against the defendant are identical. Moreover, the prior complaint was dismissed for failure to state a claim pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which constitutes a final judgment on the merits for purposes of res judicata.  See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 124 (2019).  Dismissal based on res judicata was therefore proper.

2.  Statute of limitations.  Although we need not reach the statute of limitations issue, we nevertheless address the plaintiff's contention on appeal that her complaint was not time-barred because the "continuing representation" doctrine tolled the running of the statute of limitations.  The continuing representation doctrine tolls the limitations period in legal malpractice actions where the attorney in question continues to represent the plaintiff's interests in the matter in question.  See Frankston v. Denniston, 74 Mass. App. Ct. 366, 377 (2009).  For example, in Murphy v. Smith, 411 Mass. 133, 137 (1991), a lawyer represented to homeowners that they had good

record title to property.  Subsequently, they learned that a neighbor claimed a right to the property.  Although the homeowners were on notice at that point that they may have been harmed, ordinarily triggering the running of the limitations period, the statute of limitations was tolled because the lawyer who made the representation of good record title told the homeowners that the neighbor's claim was not a problem and that he would take care of it.  Id.  There, the court recognized that a person seeking professional assistance cannot be expected to question a lawyer in which he has placed his confidence.  The court thus held that the limitations period did not begin to run until the termination of the undertaking.  Id.

Here, the defendant's undertaking on behalf of the plaintiff terminated when he received permission to withdraw from the case in 2005.  There is no allegation in the complaint that the defendant represented her interests in any capacity

after that point.  Thus, the continuing representation doctrine provides no ground for tolling in the plaintiff's case.

<u>Judgment affirmed</u>.

By the Court (Vuono, Singh & Englander, JJ.[1]),

Assistant Clerk

Entered: February 12, 2024.

---

[1] The panelists are listed in order of seniority.