NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

2024-P-1228

DEBRA DEPAUL MULLOY

vs.

JONATHAN CRAFTS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of a Superior Court judge dismissing the plaintiff's legal malpractice complaint filed on July 11, 2023, against the defendant lawyers, whose representation of the plaintiff in connected criminal and civil actions concluded in 2020.  The judge ruled that the plaintiff's complaint was time-barred, finding that her claims relating to the criminal action accrued by December 2018 and that her claims relating to the civil action accrued by July 1, 2020. Accordingly, the judge allowed the defendants' motion to dismiss, finding that the July 11, 2023, action was filed beyond

_____

[1] Issac Garcia-Dale, Thomas E. Dwyer, Jr., and Dwyer LLC.

the three-year statute of limitations governing legal malpractice claims, G. L. c. 260, § 4.  We affirm.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Magliacane v. Gardner, 483 Mass. 842, 848 (2020), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "For purposes of that review, [in addition to accepting] as true the facts alleged in the plaintiffs' complaint and any exhibits attached thereto, [we draw] all reasonable inferences in the plaintiffs' favor."  Magliacane, supra, quoting Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 595 (2017).

The plaintiff first argues that her claims against the defendant attorneys were for breach of contract and negligence, so the judge erred in treating them all as "legal malpractice" claims.  She urges us to examine each theory separately under the six-year statute of limitations governing certain contract actions in G. L. c. 260, § 2.  This argument fails.

General Laws c. 260, § 4, provides that, "Actions of contract or tort for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues" (emphasis added).  Here, the plaintiff brought an action against her attorneys, alleging "the defendants failed to provide adequate representation and legal

2

services to the plaintiff," and asserting claims for breach of contract and negligence. This is the precise type of action the language of G. L. c. 260, § 4 addresses. The judge was correct in so characterizing the plaintiff's claims and in applying the time limit in G. L. c. 260, § 4 to them.

The plaintiff next argues that the judge erred in calculating when her claims accrued. She argues she was never served with the defendants' motion to withdraw in the civil action so all of her claims accrued, at the earliest, by the July 16, 2020, hearing date on the motion for default, rendering her July 11, 2023, filing timely. We disagree.

A cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know that she has sustained appreciable harm because of a defendant's negligence, see Williams v. Ely, 423 Mass. 467, 473 (1996), or when the attorney terminates representation of the plaintiff in the undertaking. See Murphy v. Smith, 411 Mass. 133, 136-137 (1991). We address the accrual of the plaintiff's claims relating to the defendants' representation in the criminal case and civil case in turn.

The plaintiff first alleges malpractice by the defendants in connection with the criminal case against her, contending they did not show her the full contents of her plea agreement

3

before its execution.  The absolute latest the plaintiff could have learned about the contents of the plea agreement was at her December 2018 sentencing hearing.  At this time, she knew or should have known of any appreciable harm suffered because of the defendants' handling of her criminal case.  See Vinci v. Byers, 65 Mass. App. Ct. 135, 138-140 (2005).  The plaintiff's claim for legal malpractice based on this representation thus accrued by December 2018.

The plaintiff next alleges malpractice by the defendants in connection with the civil case against her, asserting numerous wrongful actions around January 2020.  The defendants' representation of the plaintiff ended in late February 2020 when the judge allowed their motion to withdraw as counsel.  The plaintiff claims she was not served with the defendants' motion to withdraw and that she wrote the defendants on June 25, 2020, inquiring about their failure to file an answer to the civil complaint against her.  Taking these allegations as true, the plaintiff knew of the defendants' alleged wrongdoing -- failure to file an answer -- by June 25, 2020, at the latest.  The Supreme Judicial Court tolled all civil statutes of limitations from March 17, 2020, through June 30, 2020, due to the Covid-19 pandemic.  See Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the Covid-19

4

(Coronavirus) Pandemic, No. OE-144, par. 12 (May 26, 2020); Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the Covid-19 (Coronavirus) Pandemic, No. OE-144 (June 24, 2020).  Accordingly, the plaintiff's claim for legal malpractice accrued no later than July 1, 2020.

The plaintiff filed this action on July 11, 2023, more than three years after both claims accrued.  As such, it is time-barred under G. L. c. 260, § 4, and the judge correctly dismissed the complaint.[2]

Judgment affirmed.

By the Court (Rubin, Shin & Singh, JJ.[3]),

Clerk

Entered: January 23, 2026.

---

[2] The parties have briefed the plaintiff's ability to make out a malpractice claim.  We decline to reach these arguments.

[3] The panelists are listed in order of seniority.

5