**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2557

GUILIN F. JOLICOEUR,
Plaintiff, Appellant,

v.

SOUTHERN NEW ENGLAND SCHOOL OF LAW, FRANCIS J. LARKIN,
DAVID M. PRENTISS, ROBERT V. WARD, BOARD OF TRUSTEES, JOHN
DOES 1-10,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Torruella, Circuit Judge,
Porfilio,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

Jonathan D. Plaut, on the brief for appellant.
Elizabeth A. Houlding, with whom Allen D. David, was on
the brief for appellees.

July 7, 2004

---

[*]Of the Tenth Circuit, sitting by designation.

**Per Curiam**. Guilin F. Jolicoeur appeals the dismissal of his complaint alleging Southern New England School of Law (School) fraudulently induced him to transfer, attend, and graduate from the school upon its representation the American Bar Association's (ABA) accreditation of its academic program was imminent. In an order entered by electronic transmission, the district court granted the School's motion to dismiss under Fed. R. Civ. P. 12(b)(6) "for the reasons outlined in defendants' memorandum of law." Despite the opacity of that order, the School's contention Mr. Jolicoeur's action is untimely radiates through our review under Rule 12(b)(6). We, therefore, affirm.

From the vantage of de novo review of the district court's order to dismiss, Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 5-6 (1st Cir. 2002) (citation omitted), the allegations of Mr. Jolicoeur's complaint, accepted as true and read to permit all reasonable inferences to be drawn in his favor, limn the details he contended amounted to the School's fraudulent conduct. Mr. Jolicoeur averred while a student at the Massachusetts School of Law in 1996, he received a solicitation sent to his home in Morristown, New Jersey, to attend an open house at the School. From that open house in July 1996, until his graduation on June 10, 2000, the School, according to Mr. Jolicoeur, continued

-2-

to misrepresent its efforts to satisfy the legal education requirements for its ABA accreditation. These alleged verbal assurances, Mr. Jolicoeur averred, were made even after he enrolled in the final semester of his law school education when the School knew he planned to return to his residence in New Jersey, a state which includes graduation from an ABA accredited law school as a prerequisite to a license to practice law.

In his pro se complaint filed on June 18, 2003, Mr. Jolicoeur alleged claims for fraud, respondeat superior, breach of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2, negligence, breach of contract, promissory estoppel, breach of the implied covenant of good faith, and violations of RICO, 18 U.S.C. § 1341. The School moved to dismiss on numerous grounds including the three-year statute of limitations for actions in fraud, Mass. Gen. Laws ch. 260, § 2A.

The latter ground, under any view of the record (and without any guidance from the district court), warrants dismissal under Fed. R. Civ. P. 12(b)(6). That is, under the relevant Massachusetts statute of limitations, Mr. Jolicoeur had three years to file his lawsuit, the overriding theme of which was fraud. Hendrickson v. Sears, 310 N.E. 2d 131, 132 (Mass. 1974); Mass. Gen. L. ch. 260

§ 2A. Even drawing the facts and their reasonable inferences in Mr. Jolicoeur's favor and substituting Mr. Jolicoeur's graduation date, June 10, 2000, for the last possible time when the ABA's November 1999 denial of accreditation to the School caused him injury, we must conclude the complaint was untimely.

In his reply brief, Mr. Jolicoeur stated his "cause of action did not even accrue until June, 2000 when he graduated from the unaccredited school." Further, he contended each false promise constituted "a separate harm for which the statute of limitations began anew." Under either theory, the date of accrual of Mr. Jolicoeur's rights is either November 2002, or June 10, 2003. Surely, the "storm warnings" were visible on both dates. Young v. Lepone, 305 F.3d 1, 9 (1st Cir. 2002). Mr. Jolicoeur filed his complaint on June 18, 2003, eight days after the limitary period had run. The complaint is, thus, barred by the statute of limitations.

Nonetheless, despite the apparent lack of merit in this appeal, we find it necessary to remind the district court of its critical responsibility. As part of the appellate process, a trial court must insure the basis for its resolution of a matter subject to appeal is clear. Even when a court finds arguments of counsel persuasive, as the

district court apparently did in this case, it must keep the appellate record in mind. Because it is the basis for any appeal, the district court's disposition informs the review. It is vital, therefore, that an appellate court be provided with the *district judge's* thoughts rather than be left to rummage about in papers filed by counsel in an attempt to deduce the trial court's reasoning. Moreover, the appellate court must also have assurance that a district court's decisions will not be subjected to hindsight revision by a zealous advocate who is free to write upon a blank page. This assurance comes about when the trial court explains its reasoning.

Finally, it is only by happenstance that this record permits one resolution; otherwise, we would have had to remand the matter to the district court to complete its task. Although we fully appreciate the burdens and time constraints imposed upon our trial courts that make expeditious results attractive, we cannot help but observe that a few moments spent at the district court level often can forestall the expenditure of much more time bringing the appellate process to a full and proper conclusion.

We affirm the dismissal of the complaint.