**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

―――――――

No. 03-2663

BRIAN TAMBORELLI,

Plaintiff, Appellant,

v.

SOUTHERN NEW ENGLAND SCHOOL OF LAW, ET AL.,

Defendants, Appellees.

―――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

―――――――

Before

Selya, Lynch and Lipez,
Circuit Judges.

―――――――

Brian D. Tamborelli on brief pro se.
Allen N. David, Elizabeth A. Houlding and Peabody & Arnold
LLP, on brief for appellees.

―――――――

December 3, 2004

―――――――

**Per Curiam**.  Brian Tamborelli has appealed the district court's dismissal of his complaint, in which he contends that Southern New England School of Law (SNESL) and several of its officers solicited his attendance and tuition money by, inter alia, fraudulently misrepresenting the status of its ability to obtain certification by the American Bar Association (ABA).  We have reviewed the parties' briefs and the record on appeal.  We affirm.

We have recently considered substantially identical actions filed by other SNESL graduates.  See Rodi v. S. New Engl. Sch. of Law, ___ F.3d ___ (1st Cir. 2004) [2004 WL 2537204]; Jolicoeur v. S. New Engl. Sch. of Law, 104 Fed. Appx. 745 (1st Cir. 2004) (per curiam).  Tamborelli's action suffered from the same defect as Jolicoeur's: it was not timely commenced.  By no later than December 1999, Tamborelli knew that any statements regarding the imminent likelihood of ABA certification were false.  By that time, the ABA had twice denied SNESL's application for accreditation and, in derogation of a promise Tamborelli alleges was made, SNESL had failed to appeal that denial.  Tamborelli makes no cogent argument for any later accrual date.  Tamborelli's action, filed in July of 2003, was, therefore, barred by the three-year statute of limitations.  Unlike the complaint filed by plaintiff Rodi, the timeliness of Tamborelli's federal complaint is not redeemed by any savings statute.  Cf. Rodi v. S. New Engl. Sch. of Law, ___ F.3d at ___ [2004 WL 2537204, at *10].

-2-

We reject Tamborelli's criticism that the district court did not allow him to amend his complaint. For one thing he never sought to amend his complaint in the district court. For another thing, nothing he has stated in his appellate briefing suggests that he could successfully overcome the time bar. Indeed, his reply brief expresses his own contradictory views on whether any amendment would be futile.

Finally, we find no abuse of discretion in the district court's failure to recuse itself. See United States v. Ayala, 289 F.3d 16, 27 (1st Cir. 2002) (limning the standard of review).

We need go no further. For the reasons stated, the order of dismissal is affirmed.